DECISION
Charles M. Gibson, defendant-appellant, appeals a decision by the Franklin County Court of Common Pleas, Division of Domestic Relations. The trial court entered a default judgment in favor of Gina Carpenter, plaintiff-appellee. We affirm.
On April 7, 1998, appellee filed with the trial court a "Complaint to Establish the Father-Child Relationship." Appellee alleged in the complaint that she is the natural mother of Brittney Carpenter, born on September 13, 1988, and Jasmine Carpenter, born on August 16, 1989. Appellee also alleged that appellant is the natural father of the children. In the complaint, appellee requested that the court order appellant to "pay reasonable child support as of the date of said children's birth." Appellee filed the complaint after her request for an administrative determination of the existence or nonexistence of a parent and child relationship was dismissed because appellant "failed to appear at the administrative paternity hearing without a showing of good cause." See R.C. 3111.22(C)(6).
On April 7, 1998, a copy of the complaint was sent to appellant by certified mail. A return mail receipt in the record shows that appellant received the complaint. Appellant failed to file an answer or make an appearance before the court. On May 14, 1998, a magistrate scheduled a default hearing to be held on July 17, 1998, concerning appellee's complaint. Notice of the default hearing was sent to appellant by regular mail. At the hearing on July 17, 1998, a motion for a continuance was requested by an attorney representing the Franklin County Child Support Enforcement Agency ("CSEA"). The reason given in the record for the continuance motion was in order to "obtain additional information." The magistrate granted the motion after "being fully advised in the premises, and for good cause shown."
On August 21, 1998, the magistrate held the continued default hearing and default judgment was granted in favor of appellee. The judgment entry was filed by the trial court on September 16, 1998. The judgment entry included a finding that appellant is the father of Brittney Carpenter and also included an order for appellant to pay child support. The entry was corrected pursuant to Civ.R. 60(A) on October 5, 1998, to include a finding that appellant is also the father of Jasmine Carpenter. On October 16, 1998, appellant filed an appeal of the September 16, 1998 judgment entry and he presents one assignment of error:
 THE TRIAL COURT ERRED IN CONDUCTING A CONTINUED HEARING WHEN THERE WAS NO EVIDENCE THAT ALL PARTIES HAD RECEIVED NOTICE OF THE NEW HEARING DATE.
Appellant argues in his assignment of error that the magistrate erred in holding the August 21, 1998 default judgment hearing. Appellant claims that he should have received notice of the hearing based upon the Fourteenth Amendment to the United States Constitution; Section 16, Article I of the Ohio Constitution; and Loc.R. 2 of the Court of Common Pleas of Franklin County, Juvenile Division ("Loc.R. 2").
"A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." Ohio Valley Radiology Assoc., Inc. v. OhioValley Hosp. Assoc. (1986), 28 Ohio St.3d 118, 121; Lexis-Nexis v.Robert Binns Assoc., Inc. (Dec. 1, 1998), Franklin App. No. 98AP-228, unreported (1998 Opinions 5303, 5305). A trial court's decision to grant a default judgment in favor of the moving party will not be reversed absent an abuse of discretion. Huffer v.Cicero (1995), 107 Ohio App.3d 65, 74. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Due process of law, as guaranteed by theFourteenth Amendment to the United States Constitution and Section 16, Article I, Ohio Constitution, requires that every party to an action be afforded a "`reasonable opportunity to be heard after reasonable notice of such hearing.'" Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenberg (1993), 90 Ohio App.3d 436, 443, quoting Ohio Valley Radiology, Assoc., Inc., supra, at 121. However, the Civil Rules provide for instances where notice of a hearing does not need to be given because of a party's failure to comply with the Civil Rules.
Civ.R. 55(A) states in part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." If a defendant has not made an appearance, the defendant is not entitled to seven days notice before default judgment is entered against the defendant. Alliance Group, Inc. v. Rosenfield (1996),115 Ohio App.3d 380, 389-390; following Civ.R. 55(A). Civ.R. 5(A) similarly states in part:
 Service is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ.R. 4 through Civ.R. 4.6.
In the present case, appellee filed her complaint on April 7, 1998, after appellant failed to appear at an administrative paternity hearing pursuant to R.C. 3111.22. In response to the complaint, appellant was required to serve his answer after service of the summons and complaint upon him within twenty-eight days. Civ.R. 12(A)(1). A copy of the summons served upon appellant states in part:
 You are hereby summoned and required to serve * * * an answer to the complaint within twenty-eight days after the service of this summons on you * * *.
 If you fail to appear and defend, then judgment by default will be rendered against you for the relief demanded in the complaint.
Appellant did not file an answer, failed to file any documents, and failed to appear before the court.
Notice of the July 17, 1998 default hearing was mailed to appellant on May 14, 1998, even though, pursuant to Civ.R. 55(A) and Civ.R. 5(A), appellant was not entitled to receive notice of the hearing. The notice contained the date, address, and time of the default hearing. Even after receiving this notice, appellant still failed to file a motion or make an appearance. The only appearance appellant made in the present case was filing his notice of appeal on October 16, 1998, more than six months after appellee filed her complaint.
By failing to file an answer or make an appearance, pursuant to Civ.R. 55(A) and Civ.R. 5(A), appellant lost his right to have notice of the second default hearing. Therefore, the court was authorized to enter a default judgment against appellant even though he did not have notice of the second hearing. Accordingly, we find that the trial court did not abuse its discretion by rendering a default judgment in favor of appellee.
Appellant also argues that the trial court could not enter judgment against him because Loc.R. 2 required the attorney requesting the continuance to notify appellant of the August 21, 1998 default hearing. Loc.R. 2 states in part: "Unless otherwise directed, it will be the responsibility of the attorney obtaining the continuance to notify all other counsel and parties of the new hearing date." However, appellant's argument is flawed because of the following reasons.
First, "[a]ny local rule is * * * enforceable only to the extent that it is consistent with the Civil Rules." Vance v.Roedersheimer (1992), 64 Ohio St.3d 552, 554. If Loc.R. 2 is applied to the present case as argued by appellant, it would be inconsistent with Civ.R. 55 and Civ.R. 5 because such an interpretation would restrict the right of appellee to have default judgment granted in her favor and the power of the court to grant default judgment in favor of appellee.
 * * * A defendant's right to force a plaintiff to prove his or her claim depends upon the defendant's compliance with the Civil Rules and the timely filing of an answer to the complaint. Otherwise, the sanctions for noncompliance would lose their deterrent effect. Even though we recognize that it is preferable to hear a case upon its merits, the rules of procedure must be applied consistently, and [appellant's] noncompliance cannot be overlooked. * * *
Davis v. Immediate Med. Serv., Inc. (1997), 80 Ohio St.3d 10, 15.
A review of the record shows that when appellant was given notice, he failed to respond to such notice. The Civil Rules are to "be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). If the trial court's default judgment in favor of appellee is overturned based upon appellant's interpretation of a Local Rule, it would effect an unjust result, allow for delay, cause unnecessary expense, and impede the expeditious administration of justice. The record also shows that default judgment was imposed by the trial court because of appellant's continued noncompliance with the Civil Rules. The sanction of default judgment "must be applied consistently" and appellant's "noncompliance cannot be overlooked."
Second, appellant in his appellate brief admits that he was not entitled to notice of the July 17, 1998 hearing because he was "a defaulting party." As previously discussed, his conclusion that he was "a defaulting party" is supported by the record. Further, appellant was provided with constructive notice of the second hearing because the trial court journalized its July 17, 1998 entry granting CSEA's motion for a continuance. "[T]his court must adhere to precedent and conclude that constructive notice was provided to appellant through the trial court's * * * journal entry." Zashin, at 445, following Ohio Valley Radiology,supra; Eisenberg v. Nakon (May 9, 1991), Cuyahoga App. No. 60489, unreported; Inter-Urban Rental Sys., Inc. v. Tullos (Apr. 25, 1991), Cuyahoga App. No. 58630, unreported. "It is also generally held that parties are expected to keep themselves informed of the progress of their case." Zashin, at 444.
Accordingly, we find that a review of the record shows that the trial court did not abuse its discretion in granting a default judgment in favor of appellee. Appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.