OPINION
This appeal is taken by Defendant-Appellants Oborn and Oborn Hardwood Products Inc. from the judgment entered by the Court of Common Pleas of Hardin County taxing appraisal fees as costs to Oborn and Oborn Hardwood Products, Inc.
On June 25, 1996 Oborn Hardwood Products, Inc. and Craig Oborn (hereinafter collectively "Oborn") entered into an agreement with Bradford Forest Products, Inc. (hereinafter "Bradford") wherein Oborn promised to pay Bradford two hundred and fifty thousand dollars ($250,000) by September 30, 1998. By the terms of the promissory note and the security agreement contained therein Oborn was to use one hundred thousand dollars of the money advanced to purchase equipment for the business.
On May 8, 1998 in accordance with the terms of the agreement upon any default by Oborn, Bradford filed a complaint in the Court of Common Pleas of Hardin County alleging that Oborn had breached the terms of their agreement by "failing and refusing to apply the loan proceeds to the purchase of certain inventory and equipment"; by "failing and refusing to supply (Bradford) with a minimum amount of lumber"; "by failing and refusing to provide and maintain adequate protection to (Bradford's) security interest". Bradford claimed damages in the amount of the note together with interest thereon of $21,182.07.
On November 13, 1998 the trial court entered judgment for Bradford in the amount of $224,821.41 plus interest in the amount of $21,182.07. On November 30, 1998, a certificate of judgment for a lien upon Oborn's property was filed. Seeking foreclosure on the property, Bradford filed a motion for appraisal, advertisement and sale of the property on March 3, 1999. An appraisal was ordered and due to the specialized nature of the equipment being appraised extraordinary appraisal fees in the amount of $3500.00 were granted by the trial court.
On September 13, 1999, Bradford assigned "all of its rights, title and interest in" the judgment lien against Oborn to Thomas A. Wingfield and Robert Wingfield (hereinafter collectively "Wingfield"). On September 20, 1999, the trial court scheduled a non-oral hearing to determine the party responsible for payment of the appraisal fees. Bradford and Wingfield both filed memoranda denying responsibility to pay the appraisal fees. On October 6, 1999, Oborn filed a motion to delay the decision on the appraisal fees and requesting an oral hearing on the matter.
On October 22, 1999, the trial judge entered judgment ordering Oborn to pay the appraisal fees and denying Oborn's motion for oral hearing because "the parties received reasonable notice of the non-oral hearing and were provided adequate time to submit information and argument for the Court's consideration".
On appeal from that judgment entry Oborn makes the following two assignments of error:
 The Trial court erred in disturbing a settlement between the parties and conducting a non-oral hearing on an issue resolved between the parties and not before it.
 The Trial Court erred and failed to grant Appellants procedural due process by failing to notify Appellants of a non-oral hearing in a manner that would give adequate notice of the date and time of the hearing to Appellants of the issues to be resolved therein.
In the first error assigned Oborn argues that the trial court erred by ordering Oborn to pay the appraisal fees because Oborn and Bradford had previously entered into a settlement agreement concerning satisfaction of the judgment that the trial court could not disturb. However, we are unable to find any settlement agreement in the record. The record discloses only that Bradford assigned its interest in the lien on Oborn's property to Wingfield. The judgment against Oborn had not been released and Bradford had merely assigned its interest therein. Therefore, Oborn's argument that the trial judge impermissibly interfered with a settlement agreement has no basis in the record and is without merit. However, in passing, we note the procedure for taxing appraisal fees as costs on foreclosure.
R.C. § 2335.02 provides that appraisal fees shall be taxed ascosts:
 In any cause, matter or proceeding arising in any court of record, where appraisers, commissioners, or arbitrators are appointed by
 such court to make or procure an appraisement or valuation of any property, real or personal, such appraisers, commissioners, or arbitrators shall receive, on application to such court, such compensation as the court deems reasonable and proper in addition to the amount specified by law and such compensation shall be taxed in costs of such cause, matter or proceeding in the same manner as other costs are now taxed.
Further, Civ.R. 54(D) provides that costs shall be assessed to party who is unsuccessful at trial. It reads:
 Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.
Therefore, appraisal fees may be taxed as costs to the party who is unsuccessful at trial.
Applying those principles to the facts of this appeal, therecord reveals that Bradford prevailed on its complaint againstOborn. Moreover, the trial court in accordance with foreclosureprocedure and for the benefit of Oborn, ordered an appraisal ofthe property against which the judgment was entered. Theextraordinary appraisal fees were approved by the trial court andtaxed as costs to Oborn in a non-oral hearing. Therefore, thetrial court did not err by taxing costs of the appraisal fees toOborn who had unsuccessfully defended Bradford's complaint. Noerror having been shown, Oborn's first assignment of error isoverruled
In the second assignment of error Oborn claims that he was denied due process of law because the Court failed to give Oborn reasonable notice of the non-oral hearing.
The United States Supreme Court set forth the fundamentalprinciples of the notice required by the Due Process Clause of theFourteenth Amendment in Mullane v. Central Hanover Bank TrustCo. (1950), 339 U.S. 306 at 314:
 "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required information, * * * and it must afford a reasonable time for those interested to make their appearance."
The Ohio Supreme Court has interpreted the due process clause of Article I Section 16 of the Ohio Constitution in similar fashion. It held that due process guarantees that every party to an action has "a reasonable opportunity to be heard after a reasonable notice of such hearing". State ex. rel. Allstate Ins. Co. v. Bowen
(1936), 130 Ohio St. 347, 199 N.E. 355, paragraph five of the syllabus; Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp.Assn. (1986), 28 Ohio St.3d 118, 125, 502 N.E.2d 599.
Neither the Ohio Revised Code nor the Ohio Rules of CivilProcedure require a court of common pleas to "give notice of asetting down of a date for trial." Ohio Valley Radiology Assoc.,Inc. v. Ohio Valley Hosp. Assn., at 123. "Ohio Courts havetraditionally held that while some form of notice of a trial dateis required to satisfy due process, an entry of the date of trialon the court's docket constitutes reasonable, constructive noticeof that fact." Id. at 124.
In the present case the trial court established the date for the non-oral hearing in a journal entry dated September 20, 1999. The Court served notice of the hearing upon local counsel pursuant to local custom by depositing it in the individual mailboxes maintained for counsel in the Courthouse. Although the case above involves notice of at trial date we find it controlling in the case sub judice and that here, the trial court did not err by finding that Oborn had received constructive notice in accordance with the due process requirements of the United States and Ohio Constitutions. Moreover, admittedly, counsel for Bradford had repeatedly served Oborn's counsel with notice of hearings in her box at the courthouse throughout the pendency of these proceedings and in accordance with that practice the court's assignment clerk served Oborn's counsel with notice of the non-oral hearing there as well. Therefore, no error having been shown, Oborn's second assignment of error is also overruled.
 __________________________ BRYANT, J.,
HADLEY, P.J., and SHAW, J., concur.