OHIO VALLEY RADIOLOGY ASSOCIATES, INC. ET AL., APPELLEES, *v.* OHIO VALLEY HOSPITAL ASSOCIATION ET AL., APPELLANTS.

[Cite as Ohio Valley Radiology Assoc., Inc. *v.* Ohio Valley Hosp. Assn. (1986), 28 Ohio St. 3d 118.]

(No. 86-708—Decided December 24, 1986.)

*Michael F. Colley* and *Michael R. Thomas,* for appellees.

*Stern, Stern & Stern Co., L.P.A.,* and *Gary M. Stern,* for appellant Paul B. Lattin, D.O.

*Jeffrey Orr Brown,* for appellant Belen Vargas, M.D. and Young Lee, M.D.

*Adrian Hershey,* for appellant Hueng J. Yoo, M.D.

*Per Curiam.*

## I

Under Civ. R. 55, when a party defending a claim has "failed to plead or otherwise defend," the court may, upon motion, enter a default judgment on behalf of the party asserting the claim. Civ. R. 55(A) and (C). If the defending party has failed to appear in the action, a default judgment may be entered without notice. If, however, the defending party has appeared in the action, the trial court must, by virtue of Civ. R. 55(A), afford that party seven days' notice of the hearing on the motion for default judgment before entering judgment.

The question certified to this court is whether the failure to appear at trial after having filed a responsive pleading constitutes a default within

the meaning of Civ. R. 55(A), thereby requiring the trial court to afford the absent party seven days' written notice of the motion for default.

The judgment of the court of appeals in this case which reversed the judgment of the trial court did so on the theory that the judgment entered in favor of the counterclaimants was a default judgment within the meaning of Civ. R. 55(A), and that, therefore, the trial judge erred in not notifying the plaintiffs of the motion as required by Civ. R. 55(A), and in proceeding with an *ex parte* trial. As the court of appeals stated below:

"'* * * When the trial court decided to proceed, even though the adversary parties (the appellants) were absent, it was * * * obvious from the record that this was not a trial in the true sense of the adversarial term. Legally and pursuant to civil procedure and statutory definition, the court was proceeding to grant a default judgment. Civ. R. 55(A) requires service of an application for default judgment upon the party against whom that judgment is sought if he has appeared in the action. A default judgment entered without such service is invalid. *Ries Flooring Co.* v. *Dileno Construction Co.* (1977), 53 Ohio App. 2d 255 [7 O.O.3d 320].* * *'"

This statement reflects a basic misunderstanding of the concept of default, which led the court of appeals to improperly apply Civ. R. 55(A) to the trial proceedings in this case. Default, under both pre-Civil Rule decisions and under Civ. R. 55(A), is a clearly defined concept. A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. *McCabe* v. *Tom* (1929), 35 Ohio App. 73. As stated by the court in *Reese* v. *Proppe* (1981), 3 Ohio App. 3d 103, 105, "[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims. * * *" It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend[ing]" that a default arises. This rule applies to original claims as well as to counterclaims (Civ. R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ. R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading."

Because a default under Civ. R. 55(A) only applies to those uncontested cases where one party has "failed to plead or otherwise defend," the notice requirements of Civ. R. 55(A) have generally been held inapplicable to cases in which a defending party *who has previously pleaded* later fails to appear for a trial or pretrial conference. The leading case in this regard is *Coulas* v. *Smith* (1964), 96 Ariz. 325, 395 P. 2d 527, which is cited approvingly in the Staff Notes to Civ. R. 55. In *Coulas,* the Arizona Supreme Court was faced with the issue of whether a judgment entered against a defendant who failed to appear at trial after answering the com-

plaint was a "default judgment" within the meaning of Arizona's Civ. R. 55(a), which is substantially similar to Ohio's Civ. R. 55(A). Sitting *en banc* the Arizona court held at 328 that the judgment could not be a default judgment since the case was at issue, the defendant having filed an answer and counterclaim.

This rule was also followed by the Court of Appeals for the Fifth Circuit in *Bass* v. *Hoagland* (C.A.5, 1949), 172 F. 2d 205, certiorari denied (1949), 338 U.S. 816. In *Bass*, the court, in holding that a failure to appear at trial is not a default within Fed. R. Civ. P. 55(a), stated at 210: "* * * When [the defendant] Bass by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him. The burden of proof was put on the plaintiff in any trial. When neither Bass nor his attorney appeared at the trial, no default was generated; the case was not confessed. The plaintiff might proceed, but he would have to prove his case. * * *"

The requirement that a party whose non-defaulting opponent fails to appear for trial must prove his case even in the absence of the opposing party reflects the basic nature of the burden of proof requirements in our trial system. Under that system, the sole responsibility of a defendant who has effectively contested the claimant's allegations by pleading is to refute the claimant's case *after* the latter has established a prima facie case by proper evidence. *Reese* v. *Proppe, supra.* If the plaintiff cannot make out such a case, the defendant need not present *any* evidence at trial. Conversely, once a case is at issue, it is improper for a court to enter judgment against a defendant without requiring proof of the plaintiff's claim. See *id.* at 106, fn. 4.

The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed *ex parte* in the opponent's absence. Such a procedure, which requires affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof. This is because *ex parte* trials, when properly conducted, are truly trials in the sense of the definition contained in R.C. 2311.01. That is, they are "judicial examination[s] of the issues whether of law or of fact, in an action or proceeding." "Issues" are defined in R.C. 2311.02 as follows: "Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other. * * *" It is clear that any judgment based upon an *ex parte* trial is a judgment after trial pursuant to Civ. R. 58, and not a default judgment under Civ. R. 55. Because Civ. R. 55 is by its terms inapplicable to *ex parte* proceedings, the notice requirement of Civ. R. 55(A) was not applicable to the proceedings below in this case. As Judge Corrigan's dissent in *Ries Flooring* aptly states at 265:

"The clear purpose of the seven-day notice provision [of Civ. R. 55(A)] is to afford notice to the party who has entered an appearance in the case

and against whom a default judgment is sought. The rule was not intended to prevent a trial court from proceeding to enter a judgment in a case that is at issue and is set for trial after notice is given and a party absents himself from the trial."

We therefore hold that when a party who has filed a responsive pleading to a pleading seeking affirmative relief fails to appear for trial, no default within the meaning of Civ. R. 55(A) occurs, and the trial court is not required to give seven days' notice to the absent party before allowing the party seeking relief to proceed with an *ex parte* trial.

## II

Having decided the certified question in this case, it becomes necessary to address another issue raised by the appellees[1] in order to resolve this case.

The plaintiffs-appellees contend that, even though the court of appeals' reversal was based on an erroneous reading of Civ. R. 55(A), they are nevertheless entitled to have the judgment of the court of appeals affirmed because they were denied due process of law by the trial court's failure to adequately notify them of the trial date. This contention brings before this court the question of whether and to what degree a party is entitled to notice of the setting down of a trial date.

There is no Ohio statute or rule which specifically requires a court of the general division of common pleas to give notice of the setting down of a date for trial. The plaintiffs-appellees claim that they were entitled to notice by regular mail of the trial date pursuant to the provisions of Civ. R. 5(A). This rule requires by its terms that "every written notice * * * shall be served upon each of the parties." Civ. R. 5(B) states that whenever a party is represented by an attorney, "service shall be made upon such attorney unless service upon the party himself is ordered by the court." In this case, when the trial court permitted plaintiffs' counsel to withdraw on October 26, 1983, it entered an order specifically requiring that plaintiffs be notified at their Boca Raton, Florida address.

This argument raises the question of whether the phrase "every written notice" of Civ. R. 5(A) includes notices of trial which are sent to the parties or their attorneys *by the court*. As stated above, the Civil Rules do not provide for a "notice of trial." Generally, the Civil Rules envisage that "written notice," whenever required by rule, is to be effected by the parties through counsel, and not by the court. This is evident in the further requirement contained in Civ. R. 5(D) that "[a]ll papers * * * required to be served upon a party shall be filed with the court within three days after service," and the requirement that the papers contain a proof of service

---

[1] "Certification of the record of the case to the Supreme Court, because of a conflict between judgments of the Courts of Appeals upon any question, brings the entire case, not merely the certified question, before the court for review. * * *" *Brown* v. *Borchers Ford, Inc.* (1977), 50 Ohio St. 2d 38, 39 [4 O.O.3d 89].

and "be signed [by an attorney or party] in accordance with Rule 11." Clearly, these requirements make little sense in the context of a court serving notice on the parties.

The service of pleadings, written motions, and other papers, then, is a task imposed by the Civil Rules on the attorneys. A court, on the other hand, generally acts and speaks only through its journal by means of orders. *William Cherry Trust* v. *Hofmann* (1985), 22 Ohio App. 3d 100; *Carter* v. *Johnson* (1978), 55 Ohio App. 2d 157 [9 O.O.3d 323]. Civ. R. 5(A) does not require the service of orders unless the order is "required by its terms to be served." We find plaintiffs-appellees' argument that Civ. R. 5(A) was intended to apply to a court's giving notice of a trial date unconvincing.

Certainly there is no support in Ohio case law for such an interpretation. On the contrary, Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact. Such an established rule is incompatible with the interpretation of Civ. R. 5 as urged by plaintiffs-appellees. See *Ries Flooring Co.* v. *Dileno Constr. Co.* (1977), 53 Ohio App. 2d 255, at 259 [7 O.O.3d 320], and the cases cited therein; and *Metcalf* v. *Ohio State Univ. Hosp.* (1981), 2 Ohio App. 3d 166, 167-168.

Some common pleas courts have promulgated local rules governing the notification of counsel of trial dates. These rules often designate a local newspaper as the official periodical of the court, and provide for notice by publication in such periodical. (See, *e.g.,* Loc. R. 21.01 and 21.02 of the Court of Common Pleas of Franklin County, General Division.) However, the Jefferson County Court of Common Pleas has no such local rules. Therefore, the trial court in this case was not required, by either Civ. R. 5 or by local rule, to provide the plaintiff with either service of a written notice of trial or notice by publication. However, the plaintiffs-appellees were entitled to have "some form" of reasonable notice. An inflexible rule requiring the entry of a trial date on a court's docket in every case would be inappropriate, and thus we decline to impose such a general requirement. However, in a case such as this in which the plaintiffs-appellees received no other type of notice, they were at least entitled to the constructive notice that comes from the court's setting down the trial date upon its docket. We find nothing in the record to indicate that the plaintiffs-appellees had reasonable notice, constructive or otherwise, of the trial date.

The United States Supreme Court has held that "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Grannis* v. *Ordean* (1914), 234 U.S. 385, 394. The court has also held that: "An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them

an opportunity to present their objections. * * *'' *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314.

Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law, and thus guarantee "a reasonable opportunity to be heard after a reasonable notice of such hearing." *State, ex rel. Allstate Ins. Co.,* v. *Bowen* (1936), 130 Ohio St. 347 [4 O.O. 427], paragraph five of the syllabus. We have recently held, in the context of notice of a trial court's entry of judgment, that "failure to give reasonable notice renders Section 16, Article I of the Ohio Constitution * * * meaningless." *Moldovan* v. *Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, 296, at fn. 4.

A review of the record in this case fails to indicate that the plaintiffs-appellees had reasonable notice, constructive or otherwise, of the trial date sufficient to satisfy minimal due process. Because the judgment of the trial court was entered after a trial which was conducted without reasonable notice to the plaintiffs-appellees, it violated both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. Thus, the judgment of the trial court in favor of the counterclaimants Yoo, Lattin, Vargas and Lee was properly reversed by the court of appeals, albeit for the wrong reasons.[2] The judgment of the court of appeals reversing the judgment and remanding the cause to the trial court for a new trial of the counterclaims alone is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES, DOUGLAS and WRIGHT, JJ., concur in judgment only.

---

[2] As stated in *Butche* v. *Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144, 146-147 [21 O.O.2d 418]: "[E]ven if the reasons given by the Court of Appeals for a judgment are erroneous, that judgment should be affirmed if it is correct for other reasons."