## M.C. Mold & Machine v. Stamp
### [Cite as 6 AOA 290]

*Case No. 14470*
*Summit County, (9th)*
*Decided August 15, 1990*

*Gerald R. Leipply, Cuyahoga Falls, for Plaintiff.*

*Thomas A. Shumaker, Akron, for Defendant.*

BAIRD, J.

This cause comes before the court upon the appeal of defendant James A. Stamp from the judgment entered against him in the Akron Municipal Court.

The dispute in this case involved a complaint of breach of contract. Defendant Stamp filed a timely response to the complaint. After a continuance was granted, trial was set for January 2, 1990. On the day of trial, representatives of plaintiff, M C Mold & Machine, Inc., were present and ready to proceed; neither defendant nor his counsel appeared. After forty-five minutes, the trial court ordered counsel for the plaintiff to prepare a journal entry granting plaintiff the requested relief. On January 25,

Stamp filed a request for a default judgment hearing pursuant to Civ.R. 55(A). On January 26, the court issued its judgment in favor of the plaintiff, citing only the failure of the defendant to appear for trial as the basis for the judgment.

### Assignment of Error

"The trial court erred by granting a default judgment without taking evidence or complying with the procedures set forth in Rule 55(A) of the Ohio Rules of Civil Procedure."

Civ.R. 55(A) reads:

"Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

Appellant argues that the judgment should be reversed because no hearing was held on the default judgment, and no notice of a hearing given pursuant to Civ.R. 55(A). Appellee argues that the judgment entered by the court should be affirmed, as it was not a default judgment. A default judgment can be granted only when a party fails to file a responsive pleading, whereas defendant's failure to appear for trial allowed the case to proceed to an ex parte judgment. Both arguments are partly well taken.

Although the judgment entry did not use the term "default judgment" nor refer to Civ.R. 55, it is apparent that the intent was to enter a default judgment in this case, as the only basis for the judgment was defendant's failure to defend by appearing for trial. There is no indication in the record that any evidence was taken, nor any hearing held on the merits of the claim, whether as a default judgment hearing or an ex parte trial.

The Supreme Court of Ohio has held that:

"*** when a party who has filed a responsive pleading to a pleading seeking affirmative relief fails to appear for trial, no default within the meaning of Civ.R. 55(A) occurs, and the trial court is not required to give seven days' notice to the absent party before allowing the party seeking relief to proceed with an ex parte trial.

"***." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St. 3d 118, 123. As no default occurred in the present case, no notice or hearing on a default judgment was required. However, on the same basis, no default judgment could be rendered against the defendant. Having decided to proceed to judgment, the court was required to hold an ex parte trial on the merits of plaintiff's claim before rendering such judgment. *Id.* at 122.

The judgment of the trial court is vacated, and the cause remanded for further proceedings.

The Court finds that there were reasonable grounds for this appeal.

CACIOPPO and CIRIGLIANO, J.J., concur.