OPINION
Appellant, Paul D. Burton, appeals from a judgment of the Mercer County Court of Common Pleas, Juvenile Division, dismissing his "complaint" for visitation and/or shared parenting.
On April 6, 1999, Mercer County Child Support Enforcement Agency filed a complaint to determine parentage between appellant and the minor child, Samuel C. Burton, born to Karla J. Shively. Following a hearing before the magistrate, the juvenile court issued a judgment finding appellant to be the father of this child, as well as determining the other issues of the parentage action, including a claim for child support.
On October 8, 1999, appellant filed a motion to modify child support. The record indicates that appellant's notice of the scheduled hearing date on that motion addressed to appellant at the North Central Correctional Institution was returned to the court marked "AWL."[1] Appellant was not present at the hearing held on November 16, 1999. The trial court thereafter adopted the magistrate's decision and ordered that appellant's motion be dismissed.
On October 25, 1999, appellant filed a "complaint" for visitation and/or shared parenting. The record reflects that notice of the scheduled hearing date was again returned to the court marked "AWL." The record also reflects that a copy of the magistrate's decision on the prior motion together with notice of this hearing date was sent to appellant, but was returned "AWL." On December 21, 1999, a hearing was held. Appellant did not appear at this hearing; however, Karla appeared with her attorney. The juvenile court subsequently adopted the magistrate's decision and ordered that appellant's motion be dismissed. From that judgment, appellant pro se timely filed the instant appeal.
On appeal, appellant asserts the following two assignments of error:
 Whether the trial court had power to conduct a hearing on the defendant's motions without proper service by evidence which aliunde (sic) the record which would show that a defect, irregularity, or deviation from statutory particulars has in fact occurred.
 Whether an incarcerated defendant can receive reasonable rights to visitation of his child.
In his first assignment of error, appellant argues that because he did not receive proper notice of the scheduled hearings, the juvenile court committed reversible error in ruling on his motions. Appellant claims that he was entitled to notice according to the provisions of Civ.R. 4.2. Although appellant alludes to the court's dismissal of both of his motions in this assignment of error, appellant did not timely file a notice of appeal from the court's dismissal of his first motion for modification of child support. Thus, this court lacks jurisdiction to review that judgment and our review here is limited to the judgment that dismissed his request related to visitation which was issued on January 19, 2000. See App.R. 4(A).
Juv.R. 35(A) establishes the procedure to invoke the continuing jurisdiction of the juvenile court and states as follows:
 Continuing jurisdiction; invoked by motion. The continuing jurisdiction of the court shall be invoked by motion filed in the original proceeding, notice of which shall be served in the manner provided for the service of process.
 Juv.R. 16 incorporates by reference the provisions of Civil Rules 4 through 4.6 governing the service of process. In re Thomas (June 15, 1995), Cuyahoga App. Nos. 67520, 67523, unreported, 1995 WL 363895. Also, pertinent in a case such as this is the concept of due process of law, as guaranteed by both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, which requires "a reasonable opportunity to be heard after a reasonable notice of * * * hearing." Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 125.
Here, the record clearly reflects that both notices of the December 21, 1999 hearing mailed to appellant by the court were sent to him at the North Central Correctional Institution address designated on the document filed by him in this case in the juvenile court, but were returned to the court as "AWL." In his brief, appellant admits that he was conveyed to the Montgomery County Jail around October 25, 1999 while the action was pending, but apparently failed to notify the court of his new address. Inasmuch as the notices of the hearing on appellant's own motion were sent to the very address listed by appellant with the Mercer County Juvenile Court, we are not persuaded that appellant's due process rights were violated. Accordingly, the juvenile court did not err in dismissing appellant's pro se motion filed on October 25, 1999, and appellant's first assignment of error is overruled. In view of our disposition of the first assignment of error, we need not address appellant's second assignment of error which is directed to the subject of that motion.
HADLEY, P.J., and WALTERS, J., concur.
[1] In his appellate brief, appellant states that the word "AWL" means absent with leave.