OPINION
Defendants-appellants Michael Tisone, Susan Tisone and Cherrypickers, Inc. appeal the decision of the Mahoning County Common Pleas Court which overruled their objection to the decision of the magistrate. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE CASE
Appellees New Options, Inc., Bucksberry Son, Inc. and Richard Ellis were plaintiffs in a suit against appellants dealing with contractual matters. On October 28, 1996, the trial court, per its Journal Entry, set the schedule for the case and assigned the case for jury trial on February 17, 1998 at 10:00 a.m., sending notice to all parties involved. Approximately one year later, on October 3, 1997, appellant's counsel requested and was granted withdrawal from representation of appellants. The trial court, per this entry, ordered appellants to notify the trial court of new counsel within thirty days from the date of the entry. [10/3/97 J.E.]. The record does not indicate that appellants ever filed a response to the trial court's order. On February 17, 1998, appellees appeared for trial. When appellants failed to show, an ex parte trial was held before a magistrate. On May 7, 1998, the magistrate released a decision in favor of appellees which rescinded the contracts at issue due to fraud. New Options and Bucksberry were awarded a total of $228,790 in compensatory damages and $10,000 in punitive damages. Mr. Ellis was awarded $25,000 as reimbursement for his investment, $10,000 in punitive damages and $4,684.62 in attorney fees.
After being granted two extensions, appellants filed an objection to the magistrate's decision. This objection complained about the withdrawal of their attorneys and alleged that they lacked notice of the trial date. Appellees deposed one of appellants' former attorneys and filed a memorandum in opposition to the objection. On August 25, 1998, the trial court overruled appellants' objection and adopted the magistrate's decision. Appellants filed timely notice of appeal. After filing their brief, appellants requested remand to the trial court for a decision on their motion to vacate. This court denied the request for remand. Thus, we proceed with the appeal.
 ASSIGNMENTS OF ERROR
Appellants' brief sets forth the following four assignments of error:
 "THE TRIAL COURT ERRED BY ENTERING A JUDGMENT FOR THE PLAINTIFFS/APPELLEES FOR FRAUD WHEN THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A FINDING OF FRAUD."
 "THE TRIAL COURT ERRED BY GRANTING RECISSION AND AWARDING DAMAGES FOR BREACH OF THE CONTRACT BASED ON FRAUD AS THE STANDARD OF PROOF FOR RECISSION IS CLEAR AND CONVINCING EVIDENCE AND THE REMEDIES ARE INCONSISTENT."
 "THE TRIAL COURT ERRED IN AWARDING PUNITIVE DAMAGES TO THE PLAINTIFF/APPELLEES WHEN THEY FAILED TO PROVE DAMAGES BY CLEAR AND CONVINCING EVIDENCE AS REQUIRED BY ORC 2315.21."
 "THE TRIAL COURT ERRED BY ADMITTING THE DEPOSITION OF GREG HURA AS EVIDENCE WHEN THE WITNESS WAS AT ALL TIMES CONCERNED AVAILABLE AND WILLING TO TESTIFY AND FURTHER THE TRIAL COURT ERRED WHEN APPELLEES FAILED TO FILED THE DEPOSITION AS REQUIRED BY OHIO RULES OF CIVIL PROCEDURE RULE 32(A)."
As is immediately apparent, appellants are assigning errors on appeal that were never raised before the trial court. Their objection to the magistrate's decision did not even mention any of the issues raised in these assignments of error and did not contain the transcript of the ex parte
trial before the magistrate. Appellants clearly waived the preceding assignments pursuant to Civ.R. 53(E)(3)(b), which provides in pertinent part:
 "Form of objections. Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Failure to follow this rule immediately ends further inquiry by the appellate court. Estate of Sammartino v.Bogard (Sept. 16, 1999), Mahoning App. No. 97CA77, unreported, 2, 11 (disregarding six assignments of error where they were not raised in that party's objections to the trial court from the decision of the magistrate). See, also,State ex rel. Booher v. Honda Am. Mfg., Inc. (2000), 88 Ohio St.3d 52,53-54. Hence, this court is prohibited from addressing appellants' arguments regarding issues of breach of contract, fraud, recission, admission of evidence and damages. Since the only issue raised as an objection dealt with withdrawal of counsel and the subsequent alleged lack of notice of the trial date, this is the only assignment that could be raised on appeal.
Nonetheless, appellants do not specifically assign this issue as error and do not set forth law or analysis on this issue. We notice that in the table of contents under the third assignment of error, appellants set forth a sentence labeled "Issue Presented for Review and Argument" which provides, "The Trial Court erred when it overruled defendants/appellants' objections to the magistrate's decision that were based on the plaintiff/appellees failure properly to notify and serve the defendants/appellants after the withdrawal of their attorney of record." However, this sentence is totally unrelated to the language of the third assignment of error. Also, when discussing the third assignment in the argument section of the brief, appellants do not mention the issue of notice. Moreover, nowhere in the brief is there any case law relevant to the issue of notice or withdrawal of counsel.
This court may disregard an assignment of error if the party raising it fails to argue the assignment separately in the brief. See App.R. 12(A)(2). Furthermore, the issues presented must relate to the assignments of error. See App.R. 16(A)(4). Additionally, there shall be an argument section "containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). Appellants' brief fails to conform to these rules. As such, the issue of notice shall not be addressed by this court.[1]
Accordingly, the trial court's decision which overruled appellants' objection to the decision of the magistrate is hereby affirmed. The trial court is now free to address appellants' Civ.R. 60(B) motion to vacate.
 ____________________ VUKOVICH, J.
Donofrio, J., concurs.
[1] By failing to set forth any argument or law on the issue of notice and by merely making passing mention of the issue in their brief, it appears as if appellants believe that they deserve a new trial out of fairness but concede that the trial court's decision on notice was legally correct. We also point appellants to two letters sent to them by their former attorney advising of the trial date; these letters were sent to the address that appellants' affidavits admit was correct at the time. See, also, Ohio Valley RadiologyAssoc., Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118,123 (stating that constructive notice of the trial date, such as an entry on the docket, is sufficient). Hence, even assuming arguendo the issue of notice was assigned as error and fully briefed, we would still overrule such assignment.