OPINION
Appellant, Thomas T. Glass, appeals a decision of the Girard Municipal Court in which it granted default judgment in favor of appellee, Chase Manhattan Automotive Finance Corporation. The following facts are relevant to a determination of this appeal.
On January 6, 2000, appellee filed a complaint in the trial court based upon appellant's alleged failure to comply with the terms of a lease agreement he entered into on a Plymouth minivan, which was financed by appellee. Appellant filed an answer to the complaint. The trial court scheduled the first pretrial conference for June 2, 2000, at 9:30 a.m. Appellant's counsel arrived late for the pretrial, having been unexpectedly delayed in another court. When she arrived, she was informed that the trial court had granted default judgment to appellee, because nobody appeared on behalf of appellant. Appellant immediately filed a motion for relief from judgment, which was denied later that day.
Appellant timely filed a notice of appeal and has now set forth two related assignments of error. First, appellant contends that the trial court erred by improperly hearing an application for default judgment without giving opposing counsel written notice at least seven days prior to the hearing as required by Civ.R. 55(A). Second, appellant submits that the trial court abused its discretion by granting a default judgment in this case. These assignments of error are interrelated and, accordingly, will be addressed in a consolidated manner.
It is clear that the trial court either misused the term default judgment or erred in its application in this case. The Supreme Court of Ohio and this court have held that a trial court cannot enter a default judgment against a party who has answered for failing to appear at a pretrial. Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 122; Timperio v. Ameri-Con Concord, Inc. (Jan. 8, 1993), Lake App. No. 91-L-172, unreported; Tribby v. Gudzinas
(Feb. 15, 1991), Trumbull App. No. 90-T-4403, unreported.
Under Civ.R. 55(A), a default judgment is only proper when a party has "failed to plead or otherwise defend." However, an ex parte judgment may be entered when a party fails to appear at trial and evidence is presented establishing the elements of the claim. As this court stated inTimperio, after the defendant has filed an answer, a default judgment cannot be entered. However, when the defendant and his attorney fail to appear at a pretrial, ex parte evidence needs to be taken establishing the essential elements of the claim before the court can enter any kind of judgment. Timperio at 7.
Additionally, we note that when a trial court decides to grant judgment as a sanction, it must first provide the parties with adequate notice of its intent. For example, when a party violates the discovery rules, the granting of a judgment dismissing the case can only occur after adequate notice is provided. Fester v. Price (Dec. 26, 1997), Geauga App. No. 96-G-2033, unreported; Marten v. Casgar (June 30, 1994), Lake App. No. 93-L-115, unreported.
Based upon the foregoing analysis, the trial court erred in granting a default judgment because appellant had filed an answer and did not fail to defend. While the trial court may have had discretion to order an exparte trial due to the failure of appellant to appear at the pretrial, this would have been a harsh sanction under the circumstances. Furthermore, the trial court could only have granted judgment after hearing evidence sufficient to establish the essential elements of the claim. There is no indication that the trial court considered anything other than the complaint and the answer. In fact, the court stated:
 "The defendant and his counsel each failed to appear. As a result, the plaintiff moved for a default judgment and this court granted same."
 A reasonable inference from this portion of the trial court's judgment entry would be that the court granted default judgment based upon appellant's failure to appear at the pretrial. For the reasons given, this result is unacceptable.
Appellant's assignments of error are sustained. The judgment of the trial court is hereby reversed, and the matter remanded for further proceedings consistent with this opinion.
 ________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., GRENDELL, J., concur.