[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} On October 25, 2000, plaintiff-appellee, Grover Wiseman, filed a four-count complaint against the defendant-appellees, Howard Hackman Company, L.P.A., Howard Hackman, Esq., ("Hackman") and several unknown companies, seeking damages for various injuries. Wiseman alleged that, among other things, Hackman had failed to exercise reasonable care in settling a lawsuit resulting in the loss of Wiseman's employment, and that Hackman had exercised improper control over his settlement award. On November 13, 2000, Hackman filed an answer to the complaint. On November 29, 2000, a scheduling order was filed to show that a jury trial would commence on October 1, 2001 at 9:00 a.m. On June 27, 2001, Hackman filed a motion asking that the trial court extend the deadline for naming experts. The trial court granted the extension until August 1, 2001.
{¶ 3} On October 1, 2001, the scheduled trial date, Hackman failed to make a personal appearance, and he also had failed to notify the trial court prior to the trial date that he would not be appearing. The record up to and including the October 1 hearing shows only that Hackman had been considering filing bankruptcy. On October 1, Wiseman appeared ready to begin trial. When it was finally determined from telephone conversations with the trial court that Hackman would not be appearing for trial as scheduled, the trial court permitted Wiseman to proceed with placing his evidence on the record. Although the trial court and Wiseman's counsel characterized this proceeding, in the absence of Hackman, as one for default judgment, the proceeding was a trial at which Hackman failed to appear.[1]
{¶ 4} At the conclusion of the proceeding, the trial court journalized a judgment entry in which it stated, in part, that "Howard Hackman indicated to the court by telephone that he would not appear. Upon application of the plaintiff, default judgment on liability was granted to the plaintiff upon the evidence presented by the plaintiff * * *." The trial court then awarded an amount of $150,000 each as compensatory and punitive damages, and lesser amounts for negligence and fraud, and charged Hackman with paying court costs.
{¶ 5} On October 2, 2001, Hackman filed a suggestion of stay and notification concerning the filing the previous day of a Chapter 13 bankruptcy petition. On January 23, 2002, the bankruptcy petition was dismissed because Hackman's debts exceeded the jurisdictional limit of Section 109(e), Title 11 U.S. Code. On February 11, 2001, Hackman filed a Civ.R. 60(B) motion to vacate the default judgment of October 1, 2001. In that motion, Hackman noted that that there was some conversation on October 1 about "the bankruptcy situation." Wiseman filed an opposing memorandum. On March 14, 2002, the trial court denied Hackman relief. On appeal, Hackman raises two assignments of error.
{¶ 6} In the first assignment of error, Hackman contends that the trial court's failure to follow Loc.R. 13 of the Hamilton County Court of Common Pleas rendered the default judgment void. In the second assignment of error, Hackman contends that the trial court's entry of a default judgment in violation of Civ.R. 55(A) rendered the judgment void. The gist of Hackman's argument is that the trial court improperly granted a default judgment and further erred in failing to grant his motion for relief from judgment. We address the assignments of error out of sequence.
{¶ 7} Regarding the second assignment of error, we note that the Ohio Supreme Court has noted, "Because a default under Civ.R. 55(A) only applies to those uncontested cases where one party has `failed to plead or otherwise defend,' the notice requirements of Civ.R. 55(A) have generally been held inapplicable to cases in which a defending party who haspreviously pleaded later fails to appear for a trial or pretrial conference."[2] The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence.[3] Thus, "when a party who has filed a responsive pleading to a pleading seeking affirmative relief fails to appear for trial, no default within the meaning of Civ.R. 55(A) occurs, and the trial court is not required to give seven days' notice to the absent party before allowing the party seeking relief to proceed with an ex parte trial."[4]
{¶ 8} The record shows that no party to this action was confused that October 1, 2001, at 9:00 a.m. was the time when trial was to commence. Hackman failed to notify the court or the opposing party prior to the scheduled trial date that he would not be appearing, pursuant to the scheduling order, nor could Hackman, as of 9:00 a.m. on that day, tell the trial court, by telephone, that a bankruptcy petition had indeed been filed. While Hackman implicitly suggests that a stay, perhaps dictated by the commencement of bankruptcy proceedings, or perhaps a continuance should have been granted, the trial court, based on this record, was under no obligation to do either. The judgment entered by the trial court in Hackman's physical absence, on the date scheduled for trial, was not a default judgment pursuant to Civ.R. 55, though the trial court incorrectly characterized it as such, because Hackman had filed an answer and the burden of proof had been put on Wiseman.[5] Wiseman was properly permitted by the trial court and did in fact proceed to present his evidence on October 1 in support of his claims. Because Civ.R. 55 was inapplicable in the instance case, there was no violation of Civ.R. 55(A). Accordingly, Hackman's second assignment of error is overruled.
{¶ 9} With regard to the first assignment of error, in which Hackman claims that the default judgment was void for failure to comply with Loc.R. 13, captioned "Default," it is overruled based on our holding in response to the first assignment of error.
{¶ 10} Therefore, we affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Ross v. Ohio Sav. Bank (Aug. 1, 1996), 8th Dist. No. 69802, fn. 1.
[2] Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (italics in original).
[3] See id at 122, 502 N.E.2d 599.
[4] See id at 123, 502 N.E.2d 599.
[5] See Sams v. Carlson (Nov. 6, 1998), 1st Dist. No. C-971068.