OPINION
{¶ 1} Plaintiff-appellant, Victoria Lane, appeals from a Mahoning County Common Pleas Court, Juvenile Division decision emancipating her son and terminating defendant-appellee, John Lane's, child support obligation.
 {¶ 2} The parties share a child, who has now reached the age of majority. Appellee had been paying child support pursuant to a court order.
 {¶ 3} The parties were previously before this court when appellant appealed from the trial court's judgment alleging that appellee never served her with his motion to terminate support and emancipate their son. In that appeal, appellant argued that she was never served with proper notice of appellee's motion, which resulted in the court's judgment. This court found that because appellant lived out of state, service would have only been proper if she were notified via certified mail or by express mail unless otherwise permitted by Civ. R. 4.3. Lanev. Lane, 7th Dist. No. 02-CA-139, 2003-Ohio-2932. However, we found that appellant was only served by regular mail. Id. Hence, we reversed and remanded the case.
 {¶ 4} After we remanded this case to the trial court, a magistrate set a hearing date, which he rescheduled several times. At the bottom of the notices of hearing, the magistrate indicated to the clerk to serve a copy by certified mail to appellant, the first two to PO Box 1414, Shallotte, North Carolina and the third notice to PO Box 1514, Shallotte, North Carolina. Three envelopes were returned to the clerk stamped, "RETURNED TO SENDER UNCLAIMED." Presumably, the envelopes contained the three different notices.
 {¶ 5} Three days after the last notice was returned, on August 25, 2003, appellant filed a motion for change of venue. Appellant requested in the motion that the clerk return one copy of her motion to PO Box 11192 in Youngstown, Ohio. She indicated that she was on an extended vacation and, that until further notice, someone would handle her mail sent to the Youngstown PO Box.
 {¶ 6} On August 29, 2003, the magistrate again reset the hearing and indicated the clerk was to send copies to appellant by regular mail to the North Carolina PO Box and by certified mail to the Youngstown PO Box. An envelope addressed to appellant at the Youngstown PO Box was returned to the clerk as unclaimed.
 {¶ 7} On October 30, 2003, the magistrate again reset the hearing and ordered the clerk to send copies to appellant at both addresses by regular mail.
 {¶ 8} The next entry on the record is the magistrate's December 16, 2003 decision overruling appellant's motion for change in venue, terminating child support effective February 18, 2001, emancipating the child as of that date, and ordering the Mahoning County Child Support Enforcement Agency to recoup a credit for $2,488.63. The magistrate noted that while appellee was present, appellant was not. He also noted in his findings of fact and conclusions of law that appellant was properly served with a copy of the motion, notice, and summons. Specifically, the magistrate noted that appellant was mailed a copy of the notice by certified mail at the address she listed in the Court of Appeals action and at the address she used to file her motion for change of venue. He further noted that both came back unclaimed and both were then mailed by regular U.S. mail.
 {¶ 9} The trial court adopted the magistrate's decision and entered judgment on January 2, 2004. Appellant filed her timely notice of appeal on January 14, 2004.
 {¶ 10} Appellant, acting pro se, does not set out any assignments of error. But she makes clear in her brief that she is again arguing that she never received notice of the proceedings in the trial court due to improper service. She contends that she was not notified at her proper address by certified mail of the magistrate's hearing.
 {¶ 11} In Lane, we explained that pursuant to Civ. R. 75(J), when a party attempts to invoke a court's continuing jurisdiction over a child support order, the party must file a motion and serve it on all parties in accordance with Civ. R. 4 to 4.6. Lane, 7th Dist. No. 02-CA-139, at ¶ 6. Service of notice on the opposing party must be perfected in order to properly invoke the continuing jurisdiction of the court. Id.
 {¶ 12} In the present matter, however, it is not appellee's motion that appellant is alleging she never received but instead the court's hearing notice on the matter and on her motion to change venue.
 {¶ 13} But the court was not required to notify appellant of the scheduled hearing by certified mail as she alleges. "The service of pleadings, written motions, and other papers, * * * is a task imposed by the Civil Rules on the attorneys. A court, on the other hand, generally acts and speaks only through its journal by means of orders." Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 124, 502 N.E.2d 599. Traditionally, Ohio courts have held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of the trial date. Id. Additionally, "`once a person has become a party to an action, it is his duty to keep himself advised of the progress of the case, including dates of hearings.'" Seneca County General Health Dist. v. Heilman, 3d Dist. No. 13-02-22, 2002-Ohio-6487, at ¶ 13, quoting Cymbal v. Cymbal (June 21, 2001), 8th Dist. No. 78483.
 {¶ 14} In this case, the hearing date was entered on the court's docket. Furthermore, the magistrate ordered in its notices of hearing that the clerk provide notice to appellant, sometimes by regular mail and other times by certified mail. And the magistrate instructed the clerk to send these notices to both appellant's North Carolina PO Box as well as to her Youngstown PO Box.
 {¶ 15} Interestingly, on her notice of appeal, appellant listed PO Box 1514, Shallotte, North Carolina 28459 as her address. But in her August 25, 2003 motion for change of venue, she listed PO Box 11192, Youngstown, Ohio 44511, as the address the court was to send all further mail "until further notice." There is no indication on the record that she ever gave the court further notice that the clerk was to send her mail to the North Carolina address. Thus, as far as the court was concerned, it could reach appellant by sending notices to the Youngstown PO Box. And as an additional safeguard to ensure that appellant received the court's notices, the magistrate instructed the clerk to not only send copies to the Youngstown PO Box, but also to appellant's last known North Carolina PO Box.
 {¶ 16} Therefore, the court gave appellant sufficient notice of the hearings. It even went beyond sending notices to the Youngstown address, as appellant requested, and sent them to her other known address in North Carolina in an effort to ensure appellant was informed of the hearing date.
 {¶ 17} Additionally, appellant argues that the magistrate erred in finding that appellee is due a child support credit. She claims there was no evidence to support this finding.
 {¶ 18} As there is no evidence on the record or transcript of the proceedings in the trial court, we have no way to evaluate appellant's allegation. Appellant bears the burden of showing error by reference to matters in the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. Thus, we have no choice but to presume the validity of the trial court's proceedings.
 {¶ 19} Hence, appellant's alleged errors are without merit.
 {¶ 20} For the reasons stated above, the trial court's decision is hereby affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs.