JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Plaintiff-appellee Jeffrey K. Meurer filed a complaint against defendants-appellants The Las Vegas Vacation Club and Casino ("LVVCC") and Terry J. Wolfe on December 17, 2001. Wolfe and LVVCC filed an answer on February 4, 2002, and an amended answer with a third-party complaint on May 17, 2002. A case management order entered July 1, 2002, set a trial date of February 24, 2003. On January 22, 2003, defense counsel filed a motion to withdraw. An entry granting counsel's motion was filed May 29, 2003. The trial court held a trial on September 8, 2003, in the absence of Wolfe, LVVCC, or any defense representative. According to the record, a final judgment was entered in favor of Meurer on September 16, 2003, stating that "the within cause came before the Court for trial on September 8, 2003."
Wolfe and LVVCC filed a notice of appeal on October 15, 2003, and a Civ.R. 60(B) motion for relief from judgment on October 22, 2003. Wolfe asserted, by affidavit, that he had not received notice of the September 8, 2003, trial date. This court remanded the case to the trial court for disposition of the Civ.R. 60(B) motion. The trial court denied the motion. Wolfe and LVVCC appealed. Both appeals were dismissed for lack of a final appealable order on January 23, 2004. On February 17, 2004, the trial court disposed of the third-party claims. Wolfe and LVVCC have again appealed.
The first assignment of error alleges that the trial court erred in entering judgment against Wolfe and LVVCC because they had no notice of the date set for trial.
The record contains a case management order setting a trial date of February 24, 2003. On January 22, 2003, defense counsel filed a motion to withdraw. Following a hearing on February 4, 2003, the trial court granted a continuance. At a hearing on May 28, 2003, the trial court stated, "What this all means to you, Mr. Wolfe, at this point, sir, I'm going to grant the motion to withdraw to Mr. Hartke. He's not going to be your attorney. What I'm telling you though, sir, we will pick a trial date today. * * * You need, sir, to have an attorney for you that can represent you at that trial, or be prepared to represent yourself. I'm not going to continue this thing. * * * Tanner, if you would call Mr. Franke and tell him that Mr. Hartke was here, and we need to pick a trial date. Mr. Hartke's been kind enough, he'll come back. Maybe get a time when Mr. Franke can make it, check with Mr. Hartke. If it's okay, they can come on over and sign the papers."
An entry was placed of record on May 29, 2003, granting defense counsel's motion to withdraw. There is no further reference in the record to the setting of a trial date. The next entry of record is the final judgment of September 16, 2003.
At the September 8, 2003, trial, the court stated to Meurer and his counsel, "I noticed nobody is here on behalf of Las Vegas Vacation Club et al. I know that Mr. Hartke was the attorney of record at one point. * * * And I know Mr. Hartke withdrew. Also noticed that Mr. Hartke was here in court and indicated that he would — I think even * * * Mr. Wolfe was also present in court. I indicated to him that this case would go to trial on this date, that he needed to have an attorney. I checked in the computer on Friday, there was no indication of an attorney of record. * * * Any reason why — you can see why we should not proceed at this time?" The trial then proceeded in the defendants' absence.
Pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, a party is entitled to reasonable notice of judicial proceedings and an opportunity to be heard. See Ohio Valley RadiologyAssoc., Inc. v. Ohio Valley Hospital Assn. (1986), 28 Ohio St.3d 118,502 N.E.2d 599. "An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." See id., citing Mullane v. Central Hanover Bank Trust Co. (1950),339 U.S. 306, 70 S.Ct. 652.
The trial court's statements at the September 8, 2003, trial indicate that the court was recalling the May 28, 2003, hearing where defense counsel's motion to withdraw was granted. The court apparently believed that a trial date of September 8, 2003, had been set at that hearing. A reading of the hearing transcript demonstrates that no trial date was set at that time. Aside from the trial court's statements at the September 8, 2003, trial and the final judgment entry of September 16, 2003, there is no reference in the record to the setting of a trial date. The record is devoid of any reference to a specific trial date prior to the court's statements on September 8, 2003.
The record does not support the trial court's recollection that it notified Wolfe of the trial date. The record fails to show that Wolfe had reasonable notice of the trial date sufficient to satisfy due process.
A court speaks through its journal. See Ohio Valley Radiology Assoc.,Inc. v. Ohio Valley Hospital Assn., supra. An entry of the trial date on the court's journal constitutes reasonable, constructive notice of that fact. See id. An entry by the trial court on its journal would have been sufficient to notify Wolfe and LVVCC of the trial date.
The judgment of the trial court was entered after a trial conducted without reasonable notice to Wolfe and LVVCC, in violation of their due-process rights. The first assignment of error is sustained.
The second assignment of error, which alleges that the trial court erred in overruling the Civ.R. 60(B) motion is made moot by our disposition of the first assignment of error.
Therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.