OPINION
{¶ 1} The defendant-appellant, Michael Hanson, appeals the October 23, 2004 judgment of the Bellefontaine Municipal Court. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} On September 9, 2004, the plaintiff-appellee, United Midwest Savings Bank (hereinafter "United Midwest"), filed a petition in the Small Claims Division of the Bellefontaine Municipal Court against Hanson alleging that Hanson did not make a final mortgage loan payment to United Midwest in the amount of $1088.43. The petition contained a "summons and notice" that stated, "IF YOU DO NOT APPEAR at the trial, JUDGMENT MAY BE ENTERED AGAINST YOU by default. . . ." Small Claims Petition (capital letter and emphasis in original). Additionally, the trial date, October 14, 2004, was also stated on the petition. Attached to the petition, United Midwest filed a letter sent to Hanson informing him that his payment was due as well as a copy of the promissory note that Hanson signed agreeing to repay the mortgage.
 {¶ 3} On October 7, 2004, Hanson filed a motion for a change of venue, an answer, and a motion for a continuance. On October 8, 2004, the trial court denied Hanson's motion for a change in venue, but granted Hanson's motion for a continuance. The new trial date was set for October 28, 2004 at 3 p.m.
 {¶ 4} In the morning of the trial date, October 28, 2004, Hanson's counsel faxed a motion for a continuance because of an existing mediation hearing in Ashland County. The trial court denied Hanson's motion for a continuance and entered "default judgment" in the amount of $1,088.43 plus interest and court costs in favor of United Midwest because Hanson did not appear at the trial. Hanson appeals the "default judgment" alleging one assignment of error.
The trial court committed prejudicial error by granting the appellee adefault judgment and denying the appellant's motion for a continuance ofthe trial date, where the appellant had filed an answer to thecomplaint.
 {¶ 5} Hanson argues that Civ.R. 55(A) requires a trial court to give seven days notice prior to entering default judgment in a case where the defendant has appeared. Civ.R. 55(A). Contrarily, United Midwest contends that the trial court's judgment was not a "default judgment" pursuant to Civ.R. 55(A). United Midwest suggests that the "default judgment" was ordered as part of a trial court's inherent authority and discretion to take action whenever a party fails to appear at trial.
 {¶ 6} In Ohio Valley Radiological v. Ohio Valley Hospital (1986),28 Ohio St.3d 118, 121, 502 N.E.2d 599 (per curiam) (emphasis in original), the Ohio Supreme Court stated:
Because a default under Civ.R. 55(A) only applies to those uncontestedcases where one party has "failed to plead or otherwise defend," thenotice requirements of Civ.R. 55(A) have generally been held inapplicableto cases in which a defending party who has previously pleaded laterfails to appear for a trial or pretrial conference.
Furthermore, the Court opined:
The proper action for a court to take when a defending party who haspleaded fails to show for trial is to require the party seeking relief toproceed ex parte in the opponent's absence. Such a procedure, whichrequires affirmative proof of the essential elements of a claim, isdiametrically opposed to the concept of default, which is based uponadmission and which therefore obviates the need for proof. This isbecause ex parte trials, when properly conducted, are truly trials in thesense of the definition contained in R.C. 2311.01. That is, they are"judicial examination[s] of the issues whether law or fact, in an actionor proceeding.
Id. at 122 (emphasis in original).
 {¶ 7} Based on the Ohio Supreme Court's ruling in Ohio ValleyRadiological, we conclude that the trial court was permitted to grant judgment in favor of United Midwest following an appropriate hearing.[1]
Nevertheless, a review of the record indicates that the trial court did not hold an ex parte proceeding or other hearing to take affirmative proof of the essential elements of United Midwest's claim. Contrarily, the record indicates that the trial court simply entered judgment in favor of United Midwest. C.f. Minolta Corp. v. Kreais (March 28, 1997), 3rd Dist. No. 16-96-9, 1997 WL 176133, unreported (affirming a trial court's judgment where, in an ex parte proceeding because the defendant failed to show, the plaintiff presented ten exhibits for the court to rely on). Thus, the judgment of the trial court is reversed, and the case is remanded for proceedings in accordance with this opinion.
Judgment Reversed and Remanded.
 Bryant and Rogers, J.J., concur.
[1] We note that simply because the trial court used the phrase "default judgment" does not mean that it granted "default judgment" pursuant to Civ.R. 55(A). A review of the record indicates that United Midwest did not, at any time, file a motion for "default judgment" pursuant to the Ohio Civil Rules. Moreover, we note the trial court's entry does not indicate that it granted judgment pursuant to Civ.R. 55(A).