{¶ 26} I respectfully dissent from the majority's decision to reverse and remand this case as it pertains to B.P., the father of Ta.W., for the following reasons.
 {¶ 27} B.P. claims he was incarcerated starting in January 2004, and after this he was never notified of any proceedings regarding the custody of his child. His argument that CCDCFS knew where to notify him stems from the social worker's testimony at the dispositional hearing that he was incarcerated at that time. However, nothing in the record reflects that B.P. informed the court of his change of address. It is incumbent upon a party to notify the court of a new address, and "the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court." Nalbach v. Cacioppo, Trumbull App. No. 2001-T-0062, 2002-Ohio-53.
 {¶ 28} It is unclear from the record how B.P. received notice of the initial complaint before his first appearance in court. Although the court retained personal jurisdiction over B.P. by virtue of his voluntary appearance, what is in question are his due process rights, specifically, the right "to be heard after a reasonable notice of such hearing." In reEsper, Cuyahoga App. No. 81067, 2002-Ohio-4926, quoting Ohio ValleyRadiology Assoc. Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118. B.P. argues, and the majority agrees, that our recent holding in In reF.L., supra, applies to the instant case. In re F.L. stands for the proposition that a parent is denied her due process rights when she is not provided with notice of the final permanent custody trial, despite her having appeared at previous hearings and waiving defects in service. The reasoning behind In re F.L. was twofold: "because the juvenile court's docket is not easily accessible and, further, because the court previously provided notice of a pretrial by postcard." Id. at ¶ 12. See, also, In re Esper, supra, (ruling that insufficient postcard notice and docket notice of the trial date was inadequate when party previously relied on postcard notice in custody case). In the instant case, it is unclear how B.P. was notified of the initial proceedings, as service was never perfected. However, he did appear at the first two hearings and at that time waived defective service. The majority's reliance on In reF.L. and In re Esper is misplaced as those two cases are factually different from the instant case. In re F.L. and In re Esper dealt with situations in which the parties relied on the court's postcard notice to inform them of when to appear in court. In the instant case, B.P. never received postcard notice, so reliance was impossible. See, also, OhioValley Radiology, supra at 123-24 (holding that "while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact); In re Esper, supra at ¶ 13 (concluding that "[b]y placement of a trial date within the docket, the trial court can presume constructive knowledge of the trial date as it is generally held that parties are expected to keep themselves informed of the progress of their case").
 {¶ 29} In addition, and possibly the reason why service was unsuccessful, B.P. never supplied the court with his proper address. I further note that a magistrate's worksheet dated August 18, 2003 found that B.P. was on probation at the time the initial complaint for neglect and dependency was filed, and that he was not an appropriate caregiver. It is reasonable to assume that if the magistrate found B.P. an inappropriate caregiver during his probation, he likewise would be an inappropriate caregiver during his incarceration. Given this, B.P.'s due process rights were not violated. I would affirm the trial court's ruling as to both M.C. and B.P. awarding custody of the three children to CCDCFS.
 APPENDIX {¶ 30} "Assignments of error:
 {¶ 31} "Appellant m.c.'s assignment of error:
 {¶ 32} "I. The juvenile court committed error to the prejudice of appellant m.c. contrary to the manifest weight of the evidence in determining a grant of permanent custody to ccdcfs to be in the best interest of the children."
 {¶ 33} "Appellant B.P.'s assignments of error
 {¶ 34} "I. The trial court erred by granting permanent custody to ccdcfs when the decision was not supported by the evidence.
 {¶ 35} "II. The trial court lacked jurisdiction to issue an order of permanent custody as it did not provide reasonable notice to appellant of the permanent custody hearing."