[Cite as *TBS Transp., L.L.C. v. Tri-State Used Auto Sales*, 2020-Ohio-2710.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

TBS TRANSPORTATION, LLC.,     :

   and                        :

TROY W. SUBLETT,         :

    Plaintiffs-Appellees,    :

  vs.                         :

TRI-STATE USED AUTO SALES, d.b.a.   :
TRI-STATE AUTO SALES,

                            :

PIERRE JACKSON,         :

   and                        :

KRISHAUN GILMORE,      :

    Defendants-Appellants.    :

APPEAL NO. C-190254
TRIAL NO. A-1505817

*O P I N I O N.*

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 29, 2020

*Crawford Glankler, LLC*, and *John R. Glankler,* for Plaintiffs-Appellees*,*

*Linn & Grendell* and *James Grendell*, for Defendants-Appellants.

**MOCK, Presiding Judge.**

{¶1}    In this case, we address the question of whether a trial court may properly award a default judgment when the defending parties have filed an answer in the proceeding.  Since it may not, we reverse the judgment of the trial court.

### Purchase of Auto Results in Litigation

{¶2}    Plaintiffs-appellees TBS Transportation, LLC., and Troy Sublett ("TBS") filed a lawsuit against defendant-appellant Tri-State Used Auto Sales, d.b.a. Tri-State Auto Sales, and its owners, defendants-appellants Pierre Jackson and Krishaun Gilmore (collectively "Tri-State").  The suit alleged that TBS purchased a Porsche from Tri-State.  The agreement was not committed to writing.  According to the complaint, the parties had agreed on a sales price of $13,000, with payments of $500 per month.  According to the complaint, TBS had made the monthly payments timely, until the balance reached $1500.  At that point, TBS contacted Tri-State to ask to completely pay off the vehicle.  Tri-State informed TBS that TBS actually owed more than $13,000 on the vehicle, and refused to release their lien or accept $1500 as final payment.  Tri-State later repossessed the vehicle.

{¶3}    TBS alleged that Tri-State violated the Ohio Consumer Sales Practices Act ("CSPA") by committing a deceptive act by repossessing the vehicle even though TBS had made payments on the vehicle and had honored the agreement.  TBS alleged other statutory claims, breach of contract, fraud, unlawful repossession, and conversion. The matter was set for trial on July 30, 2018.  Prior to that date, counsel for Tri-State withdrew.  The July 30 trial date was vacated when counsel for TBS had a family emergency, and a case-management conference was set for August 9.  While the court record indicates that a conference was held on that date, no entry was generated by the court reflecting a new trial date.  The next entry on the docket after

the entry setting the case-management conference is a judgment entry setting forth the results of a trial held on March 18, 2019. The entry states that the defendants failed to appear and, "as a result, an entry of default judgment was granted against Defendants. As a result, the allegations made in Plaintiffs' Complaint are hereby deemed true * * *." The entry further states that, on March 18, a hearing was held on the issue of plaintiffs' damages, at which hearing "evidence and testimony was presented." Even though the entry states that judgment was entered on all the claims, it only awarded damages on the CSPA claim.

{¶4} Tri-State now appeals, raising three assignments of error.

## The Trial Court Improperly
## Entered Default Judgment

{¶5} In their first assignment of error, Tri-State claims that the trial court improperly entered a default judgment against them without prior notice. TBS counters that a default judgment was not entered, but rather an ex parte trial was conducted in the absence of Tri-State.

{¶6} The record does not support TBS's claim. The very first statement made by the trial court at the March 18 hearing was "Plaintiffs move for default judgment. Defendants notified for trial. March 18th, 11:05, nobody is here. The case is set at 9:00. The Plaintiffs' motion for default judgment is granted. What sort of damages are you seeking?" Further, the trial court's entry specifically states that it had granted the motion for a default judgment and had deemed the allegations in the complaint to be true.

{¶7} But the trial court was not permitted to enter a default judgment against Tri-State, because Tri-State had filed an answer in the action. As the Ohio Supreme Court explained:

3

Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept. A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. * * * "A default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims." It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend[ing]" that a default arises. This rule applies to original claims as well as to counterclaims (Civ.R. 55[C] ), and is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading."

Because a default under Civ.R. 55(A) only applies to those uncontested cases where one party has "failed to plead or otherwise defend," the notice requirements of Civ.R. 55(A) have generally been held inapplicable to cases in which a defending party who has previously pleaded later fails to appear for a trial or pretrial conference.

(Citations omitted.) *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 122-123, 502 N.E.2d 599 (1986).

{¶8}     Since Tri-State had filed an answer in the proceedings, the trial court did not have the authority to resolve TBS's claims through a default proceeding. "The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence." *Id.* at 123. Such a procedure, which requires affirmative proof of the essential elements of a claim, is "diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof." *Id.* The reason a trial is required stems from the basic nature of the burden-of-proof requirements of our trial system.

> Under that system, the sole responsibility of a defendant who has effectively contested the claimant's allegations by pleading is to refute the claimant's case after the latter has established a prima facie case by proper evidence. If the plaintiff cannot make out such a case, the defendant need not present any evidence at trial. Conversely, once a case is at issue, it is improper for a court to enter judgment against a defendant without requiring proof of the plaintiff's claim.

*Id.* at 122. In other words, once the defendant has answered a complaint denying the allegations, the next step in the process is for the plaintiff to put forth its case at trial. If it does not do so, the defendant does not need to present anything at trial or even attend.

{¶9}     It is clear that what occurred in this case was not a true ex parte trial. There was no affirmative proof of the essential elements of the claims. In fact, the trial court expressly deemed the allegations true without further proof required. What the trial court conducted was a postdefault damages hearing. TBS only presented evidence related to damages. No testimony was presented relating to the

nature of the claims TBS was making that would track the elements of any of the causes of action.

{¶10} Because the trial court improperly granted TBS's motion for a default judgment and did not conduct a proper ex parte trial, we sustain Tri-State's first assignment of error.

### Remaining Assignments Moot

{¶11} In the second assignment of error, Tri-State claims that the trial court's decision that the underlying transaction was a consumer transaction was against the manifest weight of the evidence. In the third assignment of error, Tri-State challenges the trial court's finding that Tri-State committed fraud. Both of these assignments of error address claims relating to the result of the hearing that we have determined to have been improperly conducted in the resolution of the first assignment of error. The resolution of that assignment of error renders the remaining assignments of error moot, and we decline to address them.

### Conclusion

{¶12} Because the trial court improperly granted TBS's motion for a default judgment and failed to conduct a proper trial on the merits of TBS's causes of action, we reverse the trial court's judgment and remand this cause for further proceedings.

*Judgment reversed and cause remanded.*

**ZAYAS** and **BERGERON, JJ.,** concur.

Please note:
      The court has recorded its own entry on the date of the release of this opinion.