[Cite as *Albrechtsen v. Mad River Apts.*, 2017-Ohio-117.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MARK ALBRECHTSEN | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27060 |
| | : | |
| v. | : | Trial Court Case No. 14-CVI-1065 |
| | : | |
| MAD RIVER APARTMENTS | : | (Civil Appeal from Miamisburg |
| | : | Municipal Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of January, 2017.

. . . . . . . . . . .

MARK ALBRECHTSEN, 2230 Stafford Road, Suite 115, Plainfield, Indiana   46168
      Plaintiff-Appellant, *pro se*

MAD RIVER APARTMENTS, 7477 Shady Water Lane, Dayton, Ohio 45459
      Defendant-Appellee, *pro se*

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Mark Albrechtsen appeals pro se from the trial court's entry of judgment against him on his small-claims complaint alleging constructive eviction by his former landlord, appellee Mad River Apartments.

**{¶ 2}** Albrechtsen advances two assignments of error. First, he contends the trial court erred in failing to enter a default judgment in his favor when no representative of Mad River Apartments showed up for trial. Second, he claims the trial court erred in failing to provide any "rational or supportive basis" for its decision. Specifically, he asserts that the trial court should have issued findings of fact.

**{¶ 3}** The record reflects that Albrechtsen sued Mad River Apartments in July 2014 alleging constructive eviction and seeking damages. The essence of his claim was that Mad River Apartments violated the parties' lease agreement by preventing him from working out of his apartment as a licensed federal firearms dealer when the landlord informed an inspector for the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) that Albrechtsen was not permitted to have a home office at the apartment. Albrechtsen argues all of his business was by internet and did not involve customers on the premises. As a result of the appellee's refusal to allow him to purse this home business, Albrechtsen moved elsewhere and sought damages for constructive eviction. Acting through counsel, Mad River Apartments filed an answer and a counterclaim. Following a hearing, a magistrate dismissed the case on the basis that Albrechtsen purportedly had sued the wrong party. Albrechtsen filed an objection. The trial court sustained the objection and set the case for a bench trial to be held on November 4, 2015.[1] Mad River Apartments then filed a motion to dismiss, which the trial

---

[1] With regard to the proper defendant, we note that Albrechtsen's complaint named "Mad River Apartments." At the time of the alleged constructive eviction, the owner of the apartment complex was "Mad River Apartments, LLC." That entity was operating, however, under the name "Mad River Apartments," which was the name of the property owner on the lease contract. As set forth above, counsel entered an appearance for "Mad

court overruled. Counsel for Mad River Apartments subsequently withdrew from the case.

{¶ 4} The matter proceeded as scheduled on November 4, 2015. The trial court discussed the case with Albrechtsen and gave him an opportunity to present evidence. No representative of Mad River Apartments appeared for trial. Albrechtsen later supplemented his trial presentation with a written memorandum in support of judgment and accompanying exhibits. On February 19, 2016, the trial court filed a decision, entry, and order entering judgment against Albrechtsen. In support, the trial court reasoned:

> Following a thorough and complete review of the record, and taking into consideration the character and demeanor of the Plaintiff, who provided the only testimony at the trial, **THIS COURT FINDS** that the Plaintiff has failed to meet his burden of proof that the Defendant breached the lease agreement, resulting in unjust enrichment by the Defendant.

(Doc. #30 at 2).

{¶ 5} In his first assignment of error, Albrechtsen contends the trial court erred in failing to enter a default judgment in his favor when no representative of Mad River Apartments appeared for trial. We disagree. Mad River Apartments appeared in the action through counsel and filed an answer. Although it failed to appear for trial, entering a default judgment against Mad River Apartments would have been improper. Failing to appear for trial, after filing a responsive pleading, does not constitute a "default" within the

---

River Apartments," filing both an answer and a counterclaim. The answer included various defenses, including failure to state a claim upon which relief could be granted under Civ.R. 12(B)(6). It did not, however, raise as a defense an alleged lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process under Civ.R. 12(B)(2), (4), or (5). (*See* Doc. #7). In any event, resolution of the present appeal does not require us to address the propriety of Albrechtsen suing "Mad River Apartments" as opposed to "Mad River Apartments, LLC."

meaning of Civ.R. 55(A). *Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hospital Assn*, 28 Ohio St.3d 118, 120-123, 502 N.E.2d 599 (1986). Once Mad River Apartments appeared in the case and filed its answer, Albrechtsen bore the burden to prove his case at trial, regardless of whether Mad River Apartments participated in it. *Id.*

The requirement that a party whose non-defaulting opponent fails to appear for trial must prove his case even in the absence of the opposing party reflects the basic nature of the burden of proof requirements in our trial system. Under that system, the sole responsibility of a defendant who has effectively contested the claimant's allegations by pleading is to refute the claimant's case after the latter has established a prima facie case by proper evidence. * * * If the plaintiff cannot make out such a case, the defendant need not present any evidence at trial. Conversely, once a case is at issue, it is improper for a court to enter judgment against a defendant without requiring proof of the plaintiff's claim. * * *

The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure, which requires affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof. * * * It is clear that any judgment based upon an ex parte trial is a judgment after trial pursuant to Civ.R. 58, and not a default judgment under Civ.R. 55. * * *

(Citations omitted) *Id.* at 122.

{¶ 6} Because Albrechtsen was obligated to prove his case at trial, regardless of Mad River Apartments' absence, the trial court did not err in failing to enter a default judgment in his favor. Accordingly, the first assignment of error is overruled.

{¶ 7} In his second assignment of error, Albrechtsen contends the trial court erred in failing to provide any "rational or supportive basis" for its decision. In particular, he claims the trial court should have issued findings of fact. Again, we disagree. After allowing Albrechtsen to present his evidence, the trial court considered his "character and demeanor" and held "that the Plaintiff has failed to meet his burden of proof that the Defendant breached the lease agreement, resulting in unjust enrichment by the Defendant." (Doc. #30 at 2). Although Albrechtsen may disagree with this conclusion, the trial court stated a basis for its ruling. In any event, the trial court was not required to state its rationale or to provide findings of fact. "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law." Civ.R. 52. Here the record does not reflect any request for findings of fact. Therefore, a general judgment was proper. The second assignment of error is overruled.

{¶ 8} The judgment of the Miamisburg Municipal Court, Small Claims Division, is affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and WELBAUM, J., concur.


Copies mailed to:

Mark Albrechtsen
Mad River Apartments
Hon. Robert W. Rettich, III