OPINION.
{¶ 1} Appellants, Michael Castrilla and John Chapin, appeal from a judgment entry of the Ashtabula County Court of Common Pleas granting the motion to dismiss of appellees, Conneaut Civil Service Commission, Tim Hansley, Diana Greer, John Munson, and Paula Oster.
 {¶ 2} On December 12, 2002, appellants filed a complaint in mandamus in the Ashtabula County Court of Common Pleas. The complaint explained that the position of assistant fire chief with the City of Conneaut Fire Department was vacant. Appellants maintained that appellees were required to test for the vacant position and required to establish an eligibility list from which individuals may be selected for the position. Appellants requested that the trial court issue a writ of mandamus ordering appellees to hold a civil service examination for the position and to create an eligibility list from which a candidate could be selected. Furthermore, appellants requested an alternative writ be issued directing appellees to show cause as to why they had failed to hold a civil service examination and create an eligibility list.
 {¶ 3} In response to appellants' complaint, appellees filed a motion to dismiss on January 7, 2003. Appellees' motion to dismiss stated that the position of assistant fire chief had been eliminated by way of ordinance. Attached to the motion to dismiss was a copy of Ordinance No. 01-03, dated January 6, 2003. The ordinance declared that the position of assistant fire chief for the city of Conneaut was eliminated and such elimination was effective immediately.
 {¶ 4} On January 8, 2003, the trial court issued a judgment entry dismissing appellants' complaint. The court stated that "the City Council of the City of Conneaut, Ohio, has, by ordinance, eliminated and abolished the position of Assistant Fire Chief and that the relief requested by [appellants] has been rendered moot. The Court, therefore, finds that the Complaint in Mandamus should be dismissed."
 {¶ 5} From this judgment appellants filed a timely notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "The trial court erred by granting Respondents' Motion to Dismiss in the Judgment Entry dated January 8, 2003."
 {¶ 7} As part of their assignment of error, appellants set forth two separate issues for our review. We will only address the first issue, as it is dispositive of this matter.[1]
 {¶ 8} Appellants maintain that the trial court dismissed this matter one day after appellees' motion to dismiss was filed with the trial court and served upon appellants. Appellants contend that the trial court's dismissal was premature and violated their right to due process because it did not give them the opportunity to be heard. For the following reasons, we find appellants' contention to be with merit.
 {¶ 9} "The United States Supreme Court has held that `[t]he fundamental requisite of due process of law is the opportunity to be heard.'" Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 124, quoting Grannis v. Ordean (1914),234 U.S. 385, 394. Moreover, "[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank Trust Co. (1950),339 U.S. 306, 314.
 {¶ 10} The Ohio Constitution also specifically guarantees due process. Section 16, Article 1, of the Ohio Constitution states "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation shall have remedy by due course of law, and shall have justice administered without denial or delay." This clause undeniably affords the parties in a civil case the right to due process of law. "[T]he `basic thrust' of the clause being a requirement for notice and an `opportunity to be heard.' * * * Additionally, other cases in Ohio have held that unless notice and an opportunity for a fair hearing are given to opposing parties, a trial court has no authority to take action, sua sponte, prejudicial to the opposing party." (Citations omitted and emphasis sic.) Am. Gen. Fin. v. Beemer (1991),73 Ohio App.3d 684, 687.
 {¶ 11} In the instant case, appellees' motion to dismiss was filed with the trial court on January 7, 2003. The motion to dismiss included a certificate of service which declared that a certified copy of the motion to dismiss had been sent to appellants' attorney via facsimile and regular U.S. mail on January 7, 2003. One day later, based upon the motion to dismiss, the trial court issued a judgment entry dismissing appellants' complaint. Such dismissal effectively precluded appellants from asserting their due process right to be heard and oppose appellees' motion to dismiss.
 {¶ 12} We note that the local rules of the Ashtabula County Court of Common Pleas provide a time interval in which a party may respond to an opposing parties motion. Loc.R. 5(B) states:
 {¶ 13} "The opposing counsel or a party may file an answer brief by the fourteenth day after the day on which the motion was filed. The moving party may file a reply brief by the twenty-first day following the day on which such motion was filed. * * * This rule shall apply to all motions and including motions for new trial, motions for judgment notwithstanding the verdict, and motions for reconsideration except as otherwise provided herein."
 {¶ 14} The above stated local rule guarantees a party opposing a motion to dismiss the opportunity to be heard within fourteen days of service. This guarantee allows an opposing party a reasonable amount of time to prepare and submit with the court any objections or contentions they may have. If the trial court renders a judgment against the opposing party prior to fourteen days after service, and before the opposing party has filed its objections or contentions, then the opposing party's due process rights have been violated.
 {¶ 15} Here, the trial court's dismissal of appellants' complaint in mandamus was made only one day after appellees' motion to dismiss was filed with the trial court and served upon appellants. The dismissal was made prior to the cessation of the fourteen-day time limit set forth in the local rules. Therefore, appellants' opportunity to be heard was nonexistent. "This cannot be said to comply with the due process requirements as contemplated by the United States or Ohio Constitutions and does not comport with the procedural standards established by the Ohio Rules of Civil Procedure or the Local Rules of Court." Rendina v.Rendina (Feb. 28, 1992), 11th Dist. No. 91-L-019, 1992 Ohio App. LEXIS 828, at 6-7.
 {¶ 16} Based upon the foregoing analysis, we find appellants' assignment of error to be with merit. The trial court's January 8, 2003 judgment entry dismissing appellants' complaint in mandamus is hereby reversed and the within matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Appellants' second issue contends that a vacancy in the fire department above the rank of regular fireman cannot be abolished before staffing the vacancy. We will forego discussing the merit of this argument as our decision to reverse and remand this matter is based solely upon the denial of appellants' due process rights.