[Cite as *Capital One Bank, N.A. v. Sikora*, 2017-Ohio-4347.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CAPITAL ONE, N.A.

    Appellant

    v.

TERREN C. SIKORA

    Appellee

C.A. No.    16CA011032

APPEAL FROM JUDGMENT
ENTERED IN THE
OBERLIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    2016CVF00418

DECISION AND JOURNAL ENTRY

Dated: June 19, 2017

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Capital One, N.A. ("Capital One"), appeals the judgment of the Oberlin Municipal Court granting Defendant-Appellee, Terren C. Sikora's, motion to dismiss. We reverse the trial court's judgment.

I.

{¶2} On July 25, 2016, Capital One filed a complaint against Mr. Sikora in the Oberlin Municipal Court alleging default on a credit card account. Mr. Sikora thereafter filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. In its motion to dismiss, Mr. Sikora argued that Capital One's complaint "fails to establish a prima facie case for any money owed to it by [him]." The trial court granted Mr. Sikora's motion to dismiss the same day that it was filed.

{¶3} Capital One filed this timely appeal and presents two assignments of error for our review. Mr. Sikora has not filed an appellate brief in this matter and thus, this Court may, "in

determining the appeal, * * * accept the [Appellant's] statement of the facts and issues as correct and reverse the judgment if [Appellant's] brief reasonably appears to sustain such action." *Phillips v. Robinson*, 9th Dist. Medina No. 12CA0038-M, 2012-Ohio-6108, ¶ 6, quoting App.R. 18(C). Additionally, to facilitate our analysis, we elect to address Capital One's two assignments of error together.

## II.

### Assignment of Error I

**The trial court erred in granting Sikora's motion to dismiss with prejudice on the same day that the motion was filed, where the court's local rules provided Capital One fourteen days to respond to the motion.**

### Assignment of Error II

**The trial court erred in granting Sikora's motion to dismiss with prejudice on the same day that the motion was filed, where Capital One was not provided notice or an opportunity to respond to the motion.**

{¶4} In its first assignment of error, Capital One argues that the trial court erred by granting Mr. Sikora's motion to dismiss without providing it 14 days to respond, as mandated by local rule. In its second assignment of error, Capital One argues that the trial court erred by ruling on Mr. Sikora's motion to dismiss without first providing Capital One with notice and an opportunity to respond. We agree on both points.

{¶5} "The United States Supreme Court has held that '[t]he fundamental requisite of due process of law is the opportunity to be heard.'" *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124 (1986), quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). Moreover, "[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

{¶6} The Ohio Constitution also explicitly guarantees due process. Section 16, Article 1 of the Ohio Constitution states "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation shall have remedy by due course of law, and shall have justice administered without denial or delay." "[This clause] undeniably affords the parties in a civil case the right to due process of law, the 'basic thrust' of the clause being a requirement for notice and an 'opportunity to be heard.'" *Szerlip v. Szerlip*, 5th Dist. Knox No. 01CA16, 2002-Ohio-2540, *5, citing *Ohio Valley Radiology Assoc., Inc.* at 124-125; *see also State ex rel. Castrilla v. Hansley*, 11th Dist. Ashtabula No. 2003-A-0008, 2003-Ohio-5228, ¶ 10.

{¶7} In the present case, Mr. Sikora filed his motion to dismiss on August 29, 2016. The motion to dismiss included a certificate of service which declared that a copy of the motion to dismiss had been sent to Capital One's attorney via email and regular U.S. mail on August 29, 2016. That same day,[1] based upon the motion to dismiss, the trial court issued a judgment entry dismissing Capital One's complaint with prejudice. We determine that such a dismissal effectively precluded Capital One from asserting its due process right to be heard and oppose Mr. Sikora's motion to dismiss. *See Hansley* at ¶ 11 (concluding that appellants' due process rights were violated where the trial court granted appellees' motion to dismiss one day after it was filed).

---

[1] The time stamp on the trial court's judgment entry indicates that the trial court granted Mr. Sikora's motion to dismiss approximately 27 minutes after the motion was filed.

{¶8} Moreover, we note that the local rules of the Oberlin Municipal Court provide a time interval in which a party may respond to an opposing party's motion. Loc.R. 26, which is captioned "[d]isposition of motions," states:

> (A) Unless otherwise provided in the Ohio Rules of Civil Procedure, these Local Rules or order of court a party opposing a motion shall have fourteen days from the date of service to file a brief in opposition citing applicable case and statutory law brief." (Sic.)

The plain language of this local rule guarantees a party opposing a motion to dismiss the opportunity to be heard within 14 days of service, absent a rule or court order to the contrary.

{¶9} Here, the trial court granted Mr. Sikora's motion to dismiss the very day that the motion was filed and served upon Capital One. The trial court's granting of the motion to dismiss occurred prior to the cessation of the 14-day time limit set for in Loc.R. 26(A). As such, Capital One did not have an opportunity to be heard on Mr. Sikora's motion to dismiss. Thus, we conclude that the trial court's instantaneous ruling on Mr. Sikora's motion to dismiss does not comport with the procedural standards established by the Oberlin Municipal Court's own local rules.

{¶10} Accordingly, Capital One's first and second assignments of error are sustained.

III.

{¶11} Capital One's first and second assignments of error are sustained. Accordingly, the judgment of the Oberlin Municipal Court is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

ANDREW P. SCHREIBER, Attorney at Law, for Appellant.

BRIAN L. COFFMAN, Attorney at Law, for Appellee.