[Cite as *Joseph v. Joseph*, 2020-Ohio-412.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

WILLIAM JOSEPH

    Appellee

    v.

TERESA JOSEPH

    Appellant

C.A. No.     19CA0O48-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    07 DR 0463

DECISION AND JOURNAL ENTRY

Dated: February 10, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellant, Teresa Joseph, appeals an order of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.

I.

{¶2}    Teresa and William Joseph ("Wife" and "Husband," respectively) divorced in 2008. At the time of the divorce, they had one minor child nearing emancipation. The parties reached an agreement regarding all of the terms of their divorce, and those terms were incorporated into the divorce decree. The terms of the decree required Husband to pay spousal support to Wife in the amount of $1,000 per month until their minor child emancipated, at which time the spousal support obligation was to increase to $1,487.50 per month. The duration of Husband's spousal support obligation was 108 months.

{¶3} Another provision of the agreement stated that Ms. Joseph and the parties' son would live in the marital residence until October 2009. At that point, the decree provided that the home "shall be listed for sale" and the proceeds divided as follows:

> the net sales proceeds (ie. after payment of the mortgage and usual and customary costs of sale) to be divided into two equal shares, with one share to be distributed to [Husband] and one share to be distributed to [Wife]. From [Husband's] share, he shall distribute to [Wife] the sum of $11,000. Neither Party shall act in a way to create further indebtedness upon the marital home. Until the real property is sold, [Husband] shall pay the monthly mortgage and real property taxes, while [Wife] shall pay the homeowner's insurance and utilities. The Court shall retain jurisdiction on this matter to assist in the sale of the real property, but not as to the distribution of proceeds.

Wife did not move out of the house in 2009. She attempted to sell the residence without engaging a realtor, but to no avail. It is unclear from the record what the extent of her efforts to sell the home may have been and at what point her efforts to do so ceased.

{¶4} Husband stopped paying spousal support in 2009. He continued to pay the mortgage and real estate taxes for approximately eighteen months after the October 2009 date referenced in the decree, then stopped making those payments. In 2010, Husband unilaterally withdrew the balance from his State Teachers Retirement System ("STRS") pension account. The trial court subsequently ordered him to transfer $98,000 to Wife, representing her share of the marital portion of the account value.

{¶5} In 2012, the marital residence went into foreclosure, and Wife initiated bankruptcy proceedings to prevent the house from being sold at a sheriff's sale. When she could not make payments after her bankruptcy, the foreclosure progressed to a sheriff's sale. A third party purchased the residence, but Wife redeemed the property using her portion of the funds that Husband had prematurely withdrawn from his STRS account.

{¶6}	In 2017, Wife filed a motion requesting the trial court to hold Husband in contempt for failure to pay spousal support, failure to pay the mortgage on the marital residence after April 2011, breach of his obligation to refrain from incurring additional debt against the marital residence, and failure to divide a tax refund from tax year 2007.  She also moved the trial court to reinstate Husband's spousal support obligation; require Husband to demonstrate that he had maintained her as the beneficiary of a life insurance policy, as required by the divorce decree; and order Husband to pay her attorney's fees and costs.  Husband moved to modify the support obligation retroactive to a motion filed in 2012.

{¶7}	The trial court referred the motions to a magistrate.  Following a hearing, the magistrate granted Husband's motion to modify spousal support based on stipulations by the parties and ordered Husband to pay $1,172.92 per month toward the significant arrearage that had accumulated.  The magistrate concluded that Husband should be found in contempt for failure to pay spousal support and for incurring additional indebtedness on the marital residence, but that he should not be found in contempt on the other grounds argued by Wife.  The magistrate also concluded that Husband should pay $500 in attorney's fees and $150 in costs.  The trial court entered judgment on the same date pursuant to Civ.R. 53(D)(4)(e)(i).  Husband and Wife both filed objections.

{¶8}	On May 31, 2019, the trial court overruled all of the parties' objections and noted that it adhered to its prior judgment.  With respect to the motion to show cause for contempt for Husband's failure to pay the mortgage, however, the May 31, 2019, order differed in one respect: in addition to concluding that Husband was not in contempt on that basis, the trial court addressed the parties' respective equity in the marital residence post-redemption.

{¶9}	Wife appealed, asserting two assignments of error.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY STATING IN ITS MAY 31, 2019 JUDGMENT ENTRY THAT IT UPHELD THE MAGISTRATE'S DECISION OF SEPTEMBER 11, 2018 WHEN, IN FACT, IT MODIFIED THAT DECISION IN A MANNER NOT CONTEMPLATED BY THE OBJECTION OF EITHER PARTY.

{¶10} In her first assignment of error, Wife argues that the trial court erred by modifying the magistrate's decision with regard to a matter not raised by the parties' objections or, in the alternative, that the trial court denied her right to due process by deciding a matter that was not argued by the parties. This Court agrees in part.

{¶11} Civ.R. 53(D)(4)(b) provides that "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." *Compare* Civ.R. 53(D)(4)(d) (requiring an independent review when objections are filed). This Court has previously noted that "[b]y its plain terms, * * * Civ.R. 53 does not limit a trial court's ability to enter a judgment that differs from the magistrate's decision upon conducting an independent review." *Brown v. Allala*, 9th Dist. Summit No. 27086, 2014-Ohio-4917, ¶ 28, citing *Peskind v. Peskind*, 8th Dist. Cuyahoga No. 94740, 2010–Ohio–5146, ¶ 16. In other words, "Civ.R. 53(D)(4) expressly gives the trial court the flexibility" to modify the terms of a magistrate's decision in the course of its independent review of the matter. *Brown* at ¶ 29. The 2006 Staff Notes to Civ.R. 53(D)(4)(b) are also instructive:

> Civ.R. 53(D)(4)(b) provides that a court may properly choose among a wide range of options in response to a magistrate's decision, whether or not objections are timely filed. See, e.g., *Johnson v. Brown*[,] 2nd Dist. [Clark] No. 2002 CA 76, 2003-Ohio-1257[,] at ¶ 12 (apparently concluding that former Civ.R. 53(E)(4)(b) permitted the trial court to modify an aspect of the magistrate's decision to which no objection had been made).

Wife has argued that because neither party's objections addressed sale of the marital residence at the present time and the corresponding allocation of the equity that now exists, it was error for the trial court to modify the magistrate's decision for that reason alone. Civ.R. 53(D)(4)(b), however, does not constrain a trial court's action with respect to a magistrate's decision that narrowly. Wife's argument in this regard is not well-taken.

{¶12} Wife has also argued that the trial court erred by addressing the division of parties' respective equity in the marital residence in contemplation of a sale at this time because that issue was not the subject of a motion from either party, evidence was not taken on the issue, and the parties had no notice and opportunity to be heard. This Court agrees.

{¶13} The fundamental requirement of due process is the opportunity to be heard. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124 (1986), quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). Central to the opportunity to be heard "'is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendence of the action and afford them an opportunity to present their objections.'" *Capital One, N.A. v. Sikora*, 9th Dist Lorain No. 16CA011032, 2017-Ohio-4347, ¶ 5, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). With respect to civil cases, this Court has observed:

> The Ohio Constitution also explicitly guarantees due process. Section 16, Article 1 of the Ohio Constitution states "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation shall have remedy by due course of law, and shall have justice administered without denial or delay." "[This clause] undeniably affords the parties in a civil case the right to due process of law, the 'basic thrust' of the clause being a requirement for notice and an 'opportunity to be heard.'"

(Alterations in original.) *Sikora* at ¶ 6, quoting *Szerlip v. Szerlip*, 5th Dist. Knox No. 01CA16, 2002-Ohio-2540, *5, citing *Ohio Valley Radiology Assocs., Inc.* at 124-125. The same

considerations are at issue in postdecree divorce proceedings. *See, e.g., Smith v. McLaughlin*, 9th Dist. Summit No. 24890, 2010-Ohio-2739, ¶ 32-39.

{¶14} With respect to the marital home, Wife's motion argued that the trial court should hold Husband in contempt for failing to pay the mortgage and taxes from April 2011 to the date of the motion. She argued that "[a]s a purge for this contempt, * * * that the Court require [Husband] to pay back all of the mortgage payments that he failed to make, resulting in the foreclosure as well as all amounts added to the amount [Wife] had to pay for the house because of the foreclosure." The magistrate concluded that Husband should not be held in contempt, noting that Wife's actions demonstrated her intent to remain in the home notwithstanding the language of the divorce decree and stating that "[w]hile the Magistrate does not condone [Husband's] conduct, the purpose of civil contempt is not for punishment, but to secure compliance with a previous court order."

{¶15} Wife objected to the magistrate's decision, arguing that the magistrate failed to find Husband in contempt "[d]espite the uncontroverted evidence that [he] did not abide by [the divorce decree]." She argued that she attempted to sell the house, but was unable to do so because of a structural defect of which Husband was aware. Finally, Wife reiterated her position that Husband should be found in contempt for failure to pay the mortgage and taxes and explained her position regarding purge conditions. At no point did Wife address the present sale of the home or the parties' respective shares of the equity if that were to occur. Husband's objection did not address the contempt, the equity in the home, or the sale.

{¶16} The trial court overruled Wife's objection to the magistrate's decision with respect to the contempt, then addressed the parties' respective positions upon sale of the home at that time:

The problem, however, is that the Decree does not set forth a time for performance for the parties to sell the home. From all indications, the parties intended to sell the home a few months after [their son] graduated high school. When this did not happen, Husband continued making payments on the mortgage and the real estate taxes up to and through April 2011. Husband did not make any payments after April 2011.

Years later, Wife redeemed the home after a foreclosure sale. * * * Wife paid $64,800 to pay off the mortgage, and paid $35,000 to pay off the real estate taxes. * * * Wife assumed, mistakenly, that when she redeemed the home, the home would become hers, and that husband's one-half interest would be extinguished automatically. * * *

That was not the case. Just as Husband's pay-down of the mortgage has caused Wife's one-half equitable interest in the home to increase, Wife's pay-off of the mortgage and the real estate taxes has caused Husband's one-half equitable interest in the home to increase.

* * *

Currently, Wife is entitled to the first $11,000 from the sale of the home, plus one-half of the net proceeds of the sale. * * * If, as Wife has requested, the Court were to order Husband to pay Wife an additional sum of money—*e.g.*, the $99,800 Wife paid to redeem the home—then Wife would receive much more than she is otherwise entitled to under the terms of the Decree.

If, on the other hand, the Court were to order Husband to execute a quit claim deed transferring his one-half interest in the home to Wife, then Wife would automatically recoup $49,900 (or one-half of the $99,800 she paid to redeem the home), plus the $11,000 set-off from the insurance payment, while still retaining her one-half interest in the property. The problem with this, however, is that the Court cannot order Husband to do this, as the Court has only limited jurisdiction to assist in the sale of the real property.

That notwithstanding, due to the specific circumstances of this case and the evidence presented, the Court finds that Wife shall have a separate property equitable interest in the [marital home] in the sum of $49,900. Combined with the pre-existing $11,000 separate property interest, when the home is sold, Wife shall be entitled to keep the first $60,900, with the net proceeds divided equally thereafter.

{¶17} Neither Wife's motion nor her objections to the magistrate's decision—or, indeed, the magistrate's decision itself—placed these issues before the trial court for decision. The parties did not present evidence or argument directed toward these issues during the motion

hearing. Under these circumstances, the trial court's decisions regarding the parties' respective equity in the marital residence and a sale at the present time did not afford the parties the fundamental guarantees of due process—notice and the opportunity to be heard. *See Ohio Valley Radiology Assocs., Inc.*, 28 Ohio St.3d at 124-125; *Sikora*, 2017-Ohio-4347, at ¶ 5-6.

{¶18} Wife's first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN FAILING TO FIND [HUSBAND] IN CONTEMPT OF COURT FOR HIS FAILURE TO PAY MORTGAGE PAYMENTS AND TAXES ON THE FORMER MARITAL RESIDENCE AND APPLYING AN APPROPRIATE PURGE CONDITION.

{¶19} In her second assignment of error, Wife argues that the trial court abused its discretion by concluding that Husband was not in contempt for failing to pay the mortgage and real estate taxes on the marital residence. This Court does not agree.

{¶20} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. *See also* R.C. 2705.02. Indirect contempt consists of conduct outside the presence of the court that "tends to obstruct the due and orderly administration of justice." *In re Lands, Lots or Parts of Lots Omitted from Foreclosure Proceedings—1944*, 146 Ohio St. 589, 595 (1946). Proof of indirect contempt requires the existence of a valid court order, knowledge of that order on the part of the alleged contemnor, and a violation of the order. *Citicasters Co. v. Stop 26-Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, ¶ 47 (7th Dist.), quoting *Arthur Young & Co. v. Kelly*, 68 Ohio App.3d 287, 295 (10th Dist.1990). *See also Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 12, quoting *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11.

**{¶21}** This Court reviews a trial court's determination of contempt for an abuse of discretion. *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

**{¶22}** The parties' divorce decree was a valid court order, and the parties do not dispute that Mr. Joseph was aware of that order. Under the circumstances of this case, however, the trial court did not abuse its discretion by concluding that Wife had not proved a violation of the decree. The decree required Husband to pay the mortgage and real estate taxes on the marital home "[u]ntil the real property is sold[.]" On the other hand, the decree contemplated that Wife would move from the marital residence in October 2009, that the property would be listed for sale, and that a sale would be completed in due course. As the trial court observed, the decree did not set a timeframe for the completion of the parties' obligations with respect to the marital home. When each portion of the relevant paragraph is read in context, however, it appears that the decree also did not contemplate that Wife would remain in the marital home and that Husband would remain obligated to pay the mortgage and real estate taxes indefinitely. Given the ambiguity of this language, we cannot conclude that the trial court abused its discretion by determining that Husband was not in contempt.

**{¶23}** Wife's second assignment of error is overruled.

## III.

**{¶24}** Wife's first assignment of error is sustained. Her second assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations

Division, is affirmed in part and reversed in part. This matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

STEVE C. BAILEY, Attorney at Law, for Appellant.

WILLIAM JOSEPH, pro se, Appellee.