[Cite as *Porter v. United Dairy Farmers*, 2026-Ohio-329.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Brian Porter, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-251 |
| v. | : | (C.P.C. No. 24CV-7739) |
| United Dairy Farmers, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on February 3, 2026

**On brief:** *Brian Porter*, pro se. **Argued:** *Brian Porter.*

**On brief:** *Frost Brown Todd, LLP, Eric M. Coglianese*, and *Madison L. Weaver* for appellee. **Argued:** *Eric M. Coglianese.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Brian Porter, appeals from the decision of the Franklin County Court of Common Pleas granting the motion filed by defendant-appellee, United Dairy Farmers ("UDF"), to dismiss his complaint for failure to state a claim upon which relief may be granted under Civ.R. 12(B)(6). Because the trial court did not err when granting the motion, we affirm.

{¶ 2} On October 8, 2024, Mr. Porter filed a complaint alleging that a UDF employee named Sam had "physically assaulted" him on September 31, 2024. According to Mr. Porter, he had frequented the store for many years because it was "literally a block from [his] home." (Oct. 8, 2024 Compl.) He alleged that the employee "deliberately

elbowed" him and "was trying to start a fight unprovoked." *Id.*  Mr. Porter sought $310,000 in damages for "civil rights violations," as well as punitive damages and attorney fees.  *Id.*

{¶ 3}  UDF filed a motion to dismiss Mr. Porter's complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted on December 11, 2024.  UDF argued that Mr. Porter's claim seeking a remedy for a purported civil rights violation was not viable because he described only "an act by a private individual employed by a private company," not the act of a state actor that such a claim under 42 U.S.C. 1983 may remedy.  (Dec. 11, 2024 Mot. to Dismiss at 3.)  UDF also argued that even if Mr. Porter's allegations were construed to support a claim for an intentional tort such as battery, such a claim would fail because UDF could not be held vicariously liable for acts of an employee that fall outside the scope of employment.

{¶ 4}  On December 16, 2024, Mr. Porter filed an entry captioned "Motion to Never Dismiss," to which he attached a notarized "Affidavit in Support of Motion."  He argued that UDF's motion to dismiss was "an admission [of] guilt" and that the trial court should not dismiss his complaint.  (Dec. 16, 2024 Mot. at 3.)  He complained that he had "yet to receive an apology or explanation" from UDF.  *Id.* at 4.  Mr. Porter also made several additional allegations of threatening behavior by the store's manager and customers.

{¶ 5}  On January 28, 2025, Mr. Porter filed a motion captioned "Motion of Complaint," requesting that the trial court subpoena both UDF and the United States Department of Agriculture to obtain video footage of the alleged incident.  The trial court summarily denied the motion on February 16, 2025.

{¶ 6}  The trial court granted UDF's motion to dismiss on March 3, 2025, agreeing that Mr. Porter failed to state a claim for a civil rights violation under 42 U.S.C. 1983 because his complaint was devoid of "allegations that UDF conspired with state officials or was otherwise acting under color of state law." (Mar. 3, 2025 Decision & Entry at 3.)

{¶ 7}  Mr. Porter appealed the trial court's decision and asserts five assignments of error.  However, four of the assignments of error are duplicative because they assign error to the same ruling of the trial court: the dismissal of his complaint under Civ.R. 12(B)(6). In addition, each contains excessive argumentation that is outside the scope of a properly stated assignment of error, which must state the alleged error "with reference to the place in the record where each error is reflected." App.R. 16(A)(3).  Arguments in support of the

assignment of error are to be presented in a separate section of an appellate brief, not in the assignment of error itself.  *See* App.R. 16(A)(7) (requiring in one section of an appellate brief the "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies").  Accordingly, we construe the first, second, third, and fifth assignments of error as a single assignment of error asserting error in the trial court's dismissal of the complaint, and the fourth assignment of error to assert that the trial court erred when overruling Mr. Porter's January 28, 2025 motion seeking a subpoena.

{¶ 8}    Under Civ.R. 12(B)(6), a party may assert the defense that a complaint fails to state a claim upon which relief may be granted by filing a motion to dismiss on that basis before filing an answer.  "To grant a motion to dismiss, 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.' "  *Valentine v. Cedar Fair, L.P.*, 2022-Ohio-3710, ¶ 12, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.  When undertaking this analysis, all "allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor."  *McKinley* at ¶ 12, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  An appellate court applies a de novo standard of review to a ruling granting a motion to dismiss under Civ.R. 12(B)(6), with no deference to the trial court's reasoning.  *State ex rel. White v. Aveni*, 2022-Ohio-1755, ¶ 10, citing *State ex rel. McKinney v. Schmenk*, 2017-Ohio-9183.

{¶ 9}    The only claim specifically asserted in Mr. Porter's complaint is one for "civil rights violations" against UDF.  (Compl. at 1.)  The trial court and UDF infer that Mr. Porter is referencing 42 U.S.C. 1983, which states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

{¶ 10}    "To state a claim for relief in an action brought under § 1983," a plaintiff must allege the deprivation "of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Mr. Porter's complaint fails to identify any constitutional or legal right allegedly infringed upon, and fails as well to describe how the action of UDF's employee was committed under color of state law. More fundamentally, "the under-color-of-state-law element of § 1983 excludes from its reach ' " merely private conduct, no matter how discriminatory or wrongful," ' " such as the conduct of an employee of a public, nongovernmental corporation described in Mr. Porter's complaint. *Am. Mfrs. Mut. Ins. Co.* at 50, quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

{¶ 11} Mr. Porter's allegations approach a description of the intentional tort of battery, but fail to sufficiently describe a set of facts that might plausibly impute liability to UDF. "A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results." *Love v. Port Clinton*, 37 Ohio St.3d 98, 99 (1988), citing Restatement of the Law 2d, Torts § 13 (1965). Even if one were to construe Mr. Porter's purported civil rights violation as a claim of battery arising from the harmful contact of being elbowed in the back, UDF could not be held vicariously responsible for the actions of its employee as described. "For an employer to be liable under the doctrine of respondeat superior, an employee's tortious act must be committed and, if an intentional tort, it must be calculated to facilitate or promote the employer's business or interest." *Bauman v. Bob Evans Farms, Inc.*, 2007-Ohio-145, ¶ 13 (10th Dist.), citing *Browning v. Ohio State Hwy. Patrol*, 2003-Ohio-1108, ¶ 60 (10th Dist.). "Generally, if the employee tortfeasor acts intentionally and willfully for his own personal purposes, the employer is not responsible, even if the acts are committed while the employee is on duty." *Id.* Mr. Porter fails to allege how the harmful conduct of UDF's employee was calculated to facilitate or promote its business, as required to state a claim against a tortfeasor's employer.

{¶ 12} Mr. Porter's arguments on appeal largely center on ad hominem attacks on the trial court judge, which we decline to address. The record contradicts his assertion that there was no pending motion to dismiss when the judge ruled on UDF's motion. (*Compare* Dec. 11, 2024 Mot. to Dismiss *and* Mar. 3, 2025 Decision & Entry Granting Def.'s Mot. to Dismiss.) Finally, Mr. Porter's assertion that the trial court's ruling dismissing his complaint amounts to a violation of his due process rights under the United States

Constitution and the Ohio Constitution is without merit. He received both notice of UDF's motion and was afforded the opportunity to respond to it, as the trial court's decision noted. *See State ex rel. Castrilla v. Hansley,* 2003-Ohio-5228, ¶ 15 (11th Dist.) (reversing trial court's dismissal of complaint where "appellants' opportunity to be heard was nonexistent" and therefore violated due process, as dismissal was "made only one day after appellees' motion to dismiss was filed with the trial court and served upon appellants"). For the foregoing reasons, the first, second, third, and fifth assignments of error are overruled.

{¶ 13} In the fourth assignment of error, Mr. Porter challenges the trial court's decision to overrule his "Motion of Complaint," in which he sought to commence discovery to obtain any video UDF possessed relevant to the allegations in the complaint. However, "discovery is of no consequence until a motion to dismiss is ruled upon." *Tinch v. Fedders,* 1996 Ohio App. LEXIS 433, *3 (12th Dist. Feb. 12, 1996). Mr. Porter's request for discovery was "rendered moot by the trial court's decision" granting UDF's motion to dismiss his complaint. *Id.* Because the trial court did not err when overruling Mr. Porter's motion, the fourth assignment of error is overruled.

{¶ 14} Having overruled all five assignments of error asserted, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J. and EDELSTEIN, J., concur.

————————————